PERDUE *et al.* v. ANDERSON, administrator.

BECK, J.  A testator, who died in 1873, left a will in which, so far as is material to this case, he disposed of his estate as follows: "It is my desire that all of my property (both real and personal) be kept together until my youngest child becomes of age, and managed by my executors for the best interest of my lawful legatees (unless my wife should die or marry) ; in either event my estate shall be divided equally among my legatees as soon as it can conveniently be done. . . If any of my children should die without lawful heirs, their portion of

property coming from my estate shall revert back to rest of my lawful legatees." The testator left several children, all minors. The youngest attained majority in the year 1880, and by agreement between all the legatees under the will and the consent of the executor the realty belonging to the estate of the testator was divided among the several legatees. The son of the testator, upon whose death the other children brought suit to recover the property in controversy, went into possession of the land which was assigned to him, and which the plaintiffs in this case seek to recover on the ground that he died without leaving children and that his wife did not become vested with title to the land upon his death, insisting that title to the property in question reverted to petitioners, who were the other legatees under the will. Upon the trial of the case, the facts stated above being agreed upon by both parties, the court held, that, upon a division of the estate in accordance with the will, the devisee who went into possession of the land assigned to him as above stated took an absolute and indefeasible title thereto, and that, although he died without leaving children, title was not cast upon the other devisees named in the will, and that petitioners were not entitled to recover against the widow of the deceased devisee. This ruling being controlling upon the case, the court directed a verdict for the defendant. *Held*, that the ruling of the court construing the provisions of the will referred to, against the contentions of the petitioners, was correct, and that therefore the court properly directed a verdict for the defendant. *Doty* v. *Wray*, 66 *Ga.* 153; *Sumpter* v. *Carter*, 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274). *Judgment affirmed. All the Justices concur.*

SEPTEMBER 15, 1914.

Complaint. Before Judge Walker. Warren superior court. March 20, 1913.

*L. D. McGregor,* for plaintiffs. *E. P. Davis,* for defendant.