## PATTERSON *v.* PATTERSON.

The second item of the will of Drewry S. Patterson provided as follows: "I will that my wife, Margaret Patterson, reside on and have a lifetime interest in my homestead; . . and at her death I wish the homestead on which I now live to be the property of my daughter, Mary Jane Patterson. If the said Mary Jane Patterson should die without child or children, then the property or the proceeds of the same to be the property of my son, David W. Patterson, or, in case of his death, the property of his children." Margaret Patterson, the person designated as life-tenant, survived the testator; and Mary Jane Patterson survived the life-tenant, but did not marry, and died childless, leaving a will disposing of the property referred to in this item of the will. This property was claimed by one deriving title from David W. Patterson and his children. *Held,* that under the provisions of the item of the will above set forth, Mary Jane Patterson, having survived the life-tenant, took an absolute estate in fee simple; and the court erred in sustaining the contention of the claimant.

JUNE 12, 1917.

Claim. Before Judge Searcy. Butts superior court. September 2, 1916.

Jack L. Patterson, as the executor of Mary Jane Patterson, made application for leave to sell certain land as the property of the testator. Leave having been granted, he advertised the property for sale, and claim thereto was made by Mrs. Henrietta Patterson, the defendant in error. The case was heard upon an agreed statement of facts, and was submitted to the court without the intervention of a jury. The court adjudged the land to be the property of Mrs. Henrietta Patterson, and the executor excepted.

*J. T. Moore, J. A. Darsey,* and *Moore & Branch,* for plaintiff in error.

*W. H. Beck, L. P. Goodrich,* and *W. E. Watkins,* contra.

Beck, J. Mary Jane Patterson was the daughter of Drewry S. Patterson, who died on January 27, 1887, leaving a will. After provision made for the payment of the testator's debts, it was declared that the wife of the testator, Margaret Patterson, should have a life-estate in certain land, the property in controversy here, and that after the death of the wife the land referred to should "be the property of my [testator's] daughter, Mary Jane Patterson. If the said Mary Jane Patterson should die without child or children, then the property or the proceeds of the same to be the property of my son, David W. Patterson, or, in case of his death, the property of his children." The claimant derives her title from David W. Patterson and his children. Mary Jane Patterson, the daughter of Drewry S. Patterson, survived the life-tenant, the widow of Drewry S. Patterson, but never married, and died childless. The court below was of the opinion that, Mary Jane Patterson (who took possession of the land under the will after the death of the widow) having died childless, the claimant had title, and so adjudged.

We are of the opinion that Mary Jane Patterson, having survived the life-tenant, notwithstanding she died childless, was the owner in fee simple of the property and could devise the same, and that her executor should have been allowed to dispose of the land according to the provisions of her will. The language of the testator, used in the second item of the will; "I will that my wife, Margaret Patterson, reside on and have a lifetime interest in my homestead; . . and at her death I wish the homestead on which I now live [the land in controversy] to be the property of my daughter, Mary Jane Patterson," standing alone gave a remainder interest in fee simple to the testator's daughter, Mary Jane. "The word 'heirs,' or its equivalent, is not necessary to create an absolute estate; but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." Civil Code, § 3659. The effect of the language contained in the second item of the will, immediately following that last quoted, to wit: "If the said Mary Jane Patterson should die without child or children, then the property or the proceeds of the same to be the property of my son, David W. Patterson, or, in case of his death, the property of his children," has the effect, when construed in connection with the declaration of the

will immediately preceding, of converting the estate of Mary Jane Patterson into a base fee, determinable upon her death, should that event take place prior to the death of the life-tenant. But she survived the life-tenant; and having survived the life-tenant, she took an absolute estate in fee simple. This estate became vested immediately upon the death of the life-tenant, the widow of Drewry Patterson. All divesting clauses, especially as to remainders, are to be strictly construed, so as to vest the estate absolutely at the earliest possible period of time. *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274) ; *Perdue* v. *Anderson,* 142 *Ga.* 309 (82 S. E. 884) ; *Bailey* v. *Ross,* 66 *Ga.* 354. "Mr. Jarman, in discussing this question as to what period words referring to death, coupled with a contingency, relate, says: 'When the two concurrent or alternative gifts are preceded by a life-estate or other partial interest, or the enjoyment under them is otherwise postponed, the reasonable and legitimate construction would be to apply the words in question to the event of death occurring before the period of possession.'" In the last case above cited the court, in making application to the case in hand of the principle laid down in *Bartlett* v. *Bartlett,* 33 *Ga. Supp.* 173, restates and applies the ruling as follows: "In the case of *Bartlett* v. *Bartlett,* supplement to 33 *Ga.* 173, in interpreting the will of the testator, the third item of that will is strikingly like the present one. The testator bequeathed certain property to his wife during her life or widowhood, and directed that upon her death or marriage the property should be equally divided, share and share alike, between his five sons, who are specifically named, and if either of said sons should die without leaving issue at the time of his death, or born within nine months thereafter, then his share or remainder is to be equally divided among the survivors, share and share alike. The court held that the son surviving his mother, who in his lifetime received his share upon a division of the property, had an absolute estate in the share received by him, and the same descended to his heirs at law, and did not go over to his surviving brothers and sisters." If the will had merely provided that the widow of the testator should have a life-estate with remainder to the daughter, Mary Jane, and after her death, in case she should die childless, remainder to D. W. Patterson, then the words of survivorship would have been construed to refer to the death of the testator. But con-

struing the language of the item of the will under consideration, providing that at the death of the testator's widow the land was to be the property of his daughter, Mary Jane, and that if she "should die without child or children, then the property to be the property of my [testator's] son," etc., the time at which the remainder became absolutely vested was the death of the widow of the testator. It follows from what we have said that the court erred in sustaining the claim of Mrs. Henrietta Patterson.

*Judgment reversed. All the Justices concur.*