HEATH *et al.* v. RHEA *et al.*

GEORGE, J. By the third item of his will Benjamin Heath devised and bequeathed unto his wife, Edith Heath, "for and during her natural life," certain real and personal property, "to be used and enjoyed by her during her lifetime, for her support and maintenance, and for the maintenance of my family with her, and at the death of my said wife all of said property, both real and personal, which shall be remaining . . to be equally divided between my three daughters, to wit, Nancy Adaline Heath, Mary Elizer Heath, and Sarah Elizabeth Smith, wife of Henry Smith, share and share alike, the same to be divided between the said daughters in such manner as they may deem best; and in the

event either of said daughters should die leaving a child or children, then said child or children, or the descendants of said deceased daughter, to inherit the share of the deceased mother; but in the event of the death of either of said daughters, leaving no child or children or descendants, then the share of said deceased daughter to go to and be equally divided between the living daughters, or their descendants, each set of children standing in the place of the deceased mother." The testator died in 1895, survived by his wife, Edith, and the three named daughters. The wife died in 1897. Subsequently, and during the same year, one daughter, Mary Elizer Heath, died without children or descendants of children. In 1914 the two remaining daughters conveyed the land devised by the third item of the will to the defendants in this action. Sarah Elizabeth Smith, née Heath, died in 1916, leaving the three plaintiffs as her only children. Nancy Adaline Heath died in 1917, without children or descendants of children. *Held:*

1. All three daughters having survived both the maker and the life-tenant, each of them was entitled to her respective share in the land devised by the third item of the will, in fee simple; and the children of one of them (the other two having died without issue) did not, under the will, acquire any interest whatever in the land so devised.

2. The effect of the language in the third item of the will, quoted above, relating to survivorship, was merely to provide for other legatees to take the estate of the testator in the event of the death of his daughters or either of them before the time fixed by the will for the vesting absolutely of the estate in remainder.

(a) Whether the time fixed for the vesting of the estate in remainder under the scheme of the testator's will was the date of his death, or of the life-tenant's death, is not for decision in this case.

*Judgment affirmed. All the Justices concur.*

No. 1082. MAY 14, 1919.

Complaint for land. Before Judge Tarver. Bartow superior court. July 9, 1918.

*A. W. Fite* and *R. R. Arnold,* for plaintiffs.

*J. T. Norris,* for defendants.