WILLIAMS, executor, *et al. v.* FRIERSON *et al.*

1. Under a bequest of land to three daughters of the testator, "and to the children of their bodies born or to be born," the daughters to take per capita and the grandchildren to take per stirpes, provided that the interest of one of the daughters (H.), should she die without issue, shall descend equally to the other two daughters and their children, and there shall be no sale or division of the property until the youngest of the grandchildren shall be of full age and until the possibility of issue is extinct in the three daughters; where it appears that the daughter H. has survived the period for vesting and distribution of the estate, that she has never had a child, and that the other two daughters are dead and their children have passed majority: *held*, that the estate taken by H. is not absolute and in fee simple, but that it will terminate upon her dying without issue. An agreement upon a statement of fact that the possibility of issue is extinct in a female will not overcome the presumption of law to the contrary.

2. The decree for sale and distribution of property, based on an erroneous construction of a will as to the estate devised, will be set aside though certain parts of it were not expressly excepted to.

No. 1886. OCTOBER 13, 1920. REHEARING DENIED JANUARY 14, 1921.

Construction of will. Before Judge Pendleton. Fulton superior court. December 8, 1919.

*C. L. Pettigrew* and *W. O. Wilson,* for plaintiffs in error.

*Otey McClellan, Bell & Ellis, Branch & Howard,* and *M. H. Broyles,* contra.

GILBERT, J. Hattie Eskridge Frierson filed a petition seeking to have a portion of the last will and testament of Peter Eskridge construed, the will having been duly probated and the executor named therein having duly qualified. The case was submitted on the pleadings and agreed facts to the trial judge, without the intervention of a jury. Item seven of the will was as follows: "I hereby give and bequeath to my daughters, Hattie G. Eskridge, Emma A. Williams, Effie B. Brandon, and to the children of their bodies born or to be born in lawful wedlock, that is to say: my said daughters Hattie, Emma, and Effie to take per capita, and my grandchildren born or that may be born to take per stirpes, the following described realty, to wit: [describing the land]; provided that should my daughter Hattie G. Eskridge die without issue, then and in that event her interest in this item seven of my will shall descend equally to my daughters Emma A. Williams and Effie B. Brandon, and their children as aforesaid; and provided also that it is my will and I so direct that there shall be no sale or division of the property conveyed in this item of my will until the youngest of my said grandchildren shall have become of full legal age, and until also the possibility of issue is extinct in my three daughters, Hattie G. Eskridge, Emma A. Williams, and Effie B. Brandon." Hattie E. Frierson, formerly Hattie G. Eskridge, survived the testator, and survived also the period for the vesting and distribution of the estate; she has never had a child, and (according to the agreed statement of facts) the possibility of issue is now extinct in her. The other two daughters are dead, and all their children have passed their majority.

The court erred in holding, under the provisions of the item of the will under consideration and the agreed statement of facts, that Hattie Eskridge Frierson took an absolute fee-simple

estate in an undivided one-third interest in the property in controversy. On the contrary, her estate will terminate upon her dying without issue. And inasmuch as the court erred in this holding as to the character of the estate devised to Hattie Eskridge Frierson, the other portion of the decree as to the sale of the estate and distribution of the proceeds is necessarily erroneous.　　　*Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

1. It is a conclusive presumption of law that the possibility of issue is not extinct in a female until death; and an agreed statement of fact will not overcome this presumption. *In re Dougan,* 139 *Ga.* 351, 353 (77 S. E. 158, 48 L. R. A. (N. S.) 868, Ann. Cas. 1914D, 868).

2. The item of the will under construction in this case differs from that construed in the case of *Perdue* v. *Anderson,* 142 *Ga.* 309 (82 S. E. 884), and the cases there cited as authority, in that the part of the will involved in the instant case contains the provision that the grandchildren of the testator shall take in the manner there prescribed, and thereby shows that the grandchildren of the testator, if any, shall take the property devised at the death of the parent, which was not the case in the item of the will dealt with in the *Perdue* case. The decree in this case for the sale and division of the property, based as it was upon an erroneous construction of the will as to the estate devised, will necessarily be set aside, though certain parts of it were not expressly excepted to.

　　　　　　*Rehearing denied. All the Justices concur.*