## THOMAS *v.* BERRY.

1. Under a devise to a daughter of the testatrix, for life, " and body heirs; should she die leaving no body heirs, said property to go to the body heirs of " A. and H., construed in connection with the other provisions of the will, the daughter took a life-estate. Her only child and A. having died during her lifetime, without child or descendant of child surviving either of them, and she also dying without such descendant, the land so devised passed to the children and descendants of children of H.

2. A description of land sued for, as five acres, more or less, off of lot number 326 in the 3d district and 4th section of the county of the suit, being part of what is known as the Bobo place, and part of the land described in the will of the named testatrix, " in which she willed to her daughter [named] for life," was sufficient to withstand a demurrer to a complaint for its recovery.

3. A cause of action was stated, and it was not error to overrule the demurrers.

4. A judgment sustaining a demurrer to an answer to a suit is matter for exception pendente lite; not for inclusion as an added assignment of error in a bill of exceptions to the overruling of a general demurrer to the declaration.

No. 1883. JANUARY 13, 1921.

Complaint for land. Before Judge Wright. Floyd superior court. January 29, 1920.

*C. I. Carey* and *C. H. Porter,* for plaintiff in error.

*Maddox & Doyal,* contra.

GEORGE, J. One item of the will of Julia Bryant was as follows: " I will and bequeath to my daughter, Annie Park, for life, the farm known as the Bobo place, composed of the following lots and parts of lots, viz.: 400, 401, 391 & 393, 394, eight acres off 395, five acres off 326, parts of 327 and 328, and half

of 329, in the 3rd district and 4th section of Floyd county, Georgia. I also give to my daughter Annie the house and lot in Cave Spring known as the Brown house and lot, with this reservation: T. J. Park, her husband, is to have a lifetime interest in one half of said house and lot. The foregoing described property is given to my daughter, Annie Park, and body heirs; should she die leaving no body heirs, said property to go to the body heirs of M. E. Apperson and A. P. Hawkins." At the time of the death of the testatrix, Annie Park and her son, Frank Park, were in life. Frank Park died during the lifetime of his mother, leaving no child or children or descendants of children surviving him. In 1919 Annie Park died, leaving no child or children or descendants of children surviving her. M. E. Apperson died during the lifetime of Annie Park, leaving no child or children or descendants of children surviving him. Four children were born to A. P. Hawkins, two of whom, Miss Julia Hawkins and Mrs. Mattie A. Berry, survived Annie Park, and two of whom, Hal Hawkins and Joe Hawkins, died during the lifetime of Annie Park. Both Hal and Joe Hawkins left children surviving them. After the death of Annie Park, the two children of A. P. Hawkins who survived her, and the children of the two children of A. P. Hawkins who died during her lifetime, conveyed to Mrs. Maybelle H. Berry five acres of the land described in the item of the will quoted above. Mrs. Berry filed suit in Floyd superior court, against J. F. Thomas, to recover " a certain parcel of land situated, lying, and being in [Floyd county, Georgia], and being five (5) acres, more or less, off of lot number three hundred and twenty-six (326) in the third district and fourth section of said State and county, and being a part of what is known as the Bobo place, and being part of the land described in the will of Julia Bryant, and in which she willed to her daughter, Annie Park, for life." In addition to the facts set out above, the declaration alleged that the defendant claimed title from Julia Bryant. The defendant demurred upon the grounds that the petition set forth no cause of action, and that the description of the land was too general, vague, and indefinite. In his answer, which was amended, the defendant claimed title to the land under deeds executed to him by Annie Park and Frank Park, her son, during the lifetime

of Annie Park. He also claimed under quitclaim deeds from Hal Hawkins, Miss Julia Hawkins, and Mattie A: Berry, said quitclaim deeds having been executed and delivered to him before the death of Annie Park. To this answer the plaintiff demurred generally and specially. The court overruled the demurrers to the petition, and sustained the demurrers to the answer. To these rulings the defendant excepted.

1. Giving effect to the intention of the testatrix as disclosed by the will (Civil Code of 1910, § 3900), Annie Park took a life-estate in the farm known as the " Bobo place " (*Cooper* v. *Mitchell,* 133 *Ga.* 769, 66 S. E. 1090, 29 L. R. A. (N. S.) 291), and upon her death without child or children the property passed to the " body heirs," that is, children and descendants of children, of A. P. Hawkins (Civil Code of 1910, § 3660),—M. E. Apperson having died without child or children. See *Kinard* v. *Hale,* 128 *Ga.* 485 (57 S. E. 761).

2. The description of the land in the declaration is sufficiently definite to withstand demurrer. *Follendore* v. *Follendore,* 110 *Ga.* 359 (35 S. E. 676); *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960); *Boney* v. *Cheshire,* 147 *Ga.* 30 (92 S. E. 636).

3. In view of the foregoing rulings, the petition set forth a cause of action, and the court did not err in overruling the general and special demurrers thereto.

4. " Where a general demurrer to a petition is overruled, and the defendant takes the case to the Supreme Court by bill of exceptions in which error is assigned upon such ruling, the plaintiff in error cannot also properly assign error upon a judgment striking portions of the defendant's answer." *Armor* v. *Slubbs,* 150 *Ga.* 520 (104 S. E. 500, 501).

*Judgment affirmed. All the Justices concur.*