## STARNES v. SANDERS.

GILBERT, J.　James D. Starnes brought suit to recover described land. His petition alleged, that in 1908 he married Hattie Stephens, who died in 1909, leaving no children; that the plaintiff is her sole heir at law; that there has never been any administration upon her estate, and that she left no will.　The petition further alleged that John R. Stephens, the grandfather of Hattie Stephens, devised the land in question to Hattie Stephens; the material parts of said will being as follows: Item 3: "I give, bequeath, and devise to my beloved wife, Susan Stephens, all of my property of every description, personal and real estate, money, notes, and accounts, to have and to hold, use, and enjoy the same with the income from the same, for and during her natural life."　Item 4 (in so far as material): "After the death of my said wife I give, bequeath, and devise . . to my granddaughter, Hattie Stephens," the land in question.　Item 7: "Upon the death of my said wife, I desire and direct that all of my personal property, including whatever money in her possession arising from the income from the same, shall be converted into cash, and equally divided among my grandchildren to wit: Savannah Stephens, John F. Stephens, and Hattie Stephens; it being understood that if any of said grandchildren should die without bodily heirs, all the property devised to the one so dying under and by this will shall be equally divided between those that survive."　John R. Stephens died in 1905, and Susan Stephens, the life-tenant, died on or about December 1, 1918.　*Held*:

1. "Bodily heirs," or words of similar import, are held to mean children.　Civil Code, § 3660; *Stanley* v. *Reeves*, 149 *Ga.* 151, 155 (99 S. E. 376).

2. Under the will Hattie Stephens, wife of the plaintiff, took a remainder in fee, either absolute or defeasible, depending upon whether she survived the life-tenant at whose death the estate vested, or died "without bodily heirs" prior to that event.

3. She survived the testator, but predeceased the life-tenant, "without bodily heirs."　Accordingly the court did not err in sustaining a general demurrer and dismissing the petition filed by the husband, seeking to recover the land as the sole heir of his wife.　Compare *Nottingham* v. *McKelvey*, 149 *Ga.* 463 (100 S. E. 371).

*Judgment affirmed. All the Justices concur.*

No. 2438.　JUNE 17, 1921.

Complaint for land.　Before Judge Blair.　Cherokee superior court.　December 29, 1920.

*G. F. Gober, G. B. Walker,* and *H. B. Moss,* for plaintiff.

*J. P. Brooke,* for defendant.