## MATHEWS *v.* GRADDICK *et al.*

This was an action by a child against her father and the father's grantee, to forfeit the title to land willed to the father, under the terms of which will the father took title in fee, conditioned that if he should die without children his portion of the land should revert to his brothers and sisters. The petition alleging these facts, and praying that the petitioner be decreed to have title free from condition, did not show any such title in the petitioner as would authorize a court to decree title in her, and was properly dismissed on general demurrer.

No. 4101. MAY 6, 1924.

Petition to forfeit life-estate. Before Judge Persons. Lamar superior court. October 23, 1923.

Mrs. M. W. Graddick died leaving a will, the portions of which affecting the land and material to this litigation, are as follows: "I will and bequeath lots of land Nos. 19 and 45 in the 7th district of originally Monroe, now Pike County, containing four hundred acres, more or less, to my children and my grandchild, James Eugene Graddick, making in all eight shares (seven children and one grandchild). . . I will and desire that all the property mentioned and bequeathed in the will shall remain in the family, if possible; and in the event that any one of my children should desire to sell his or her portion of said estate, then it is my will and desire that he or she so desiring to sell shall give the refusal to some member of the family, and sell one to another with the view of keeping the property in the family; and having this view, I will and bequeath all the property I have mentioned above and given to my children shall, in the event any of them die without children, the same shall revert to those children then in life, and all those dying leaving children, then in that event their respective shares and all property received from me through this will shall go to the children at their death." In the division of the property according to the terms of the will, C. C. Graddick received the southeast portion of lot 19, and A. O. Graddick received the southwest portion of lot 19. A. O. Graddick sold the portion of land received by him to C. C. Graddick, and afterward died without ever having married. Subsequently C. C. Graddick conveyed by warranty deed to S. T. and A. O. Blalock the portions of the land which he had received in the division mentioned and purchased from A. O. Graddick. S. T. and A. O. Blalock conveyed the land, on April 23, 1914, by warranty deed to G. Z. Blalock.

Suit was filed by Mrs. Romella Mathews against C. C. Graddick, A. O. Blalock individually and as executor of the estate of S. T. Blalock and G. Z. Blalock, alleging, in addition to the facts above set forth, that petitioner is the only child of C. C. Graddick; that the only interest held by C. C. Graddick which could have been conveyed by the deeds above mentioned was a life-interest; that C. C. Graddick did not first offer to sell the property to his brothers and sisters or other members of the family; that none of the three Blalocks mentioned is a member of the family of M. W. Graddick or related in any way to any member of the family; that said defendants, recognizing that they have no title other than to the life-estate of C. C. Graddick, have cut and removed from the land a great quantity of the original timber and have sold the same, have removed a tenant-house, have allowed the cultivated land to become badly washed, and have abandoned all terraces and ditches; that cultivation of the land was entirely abandoned during the years 1920 and 1921; that at the time the suit was filed the land was being used as a public pasture by neighbors, all to the irreparable injury of the reversionary interest of petitioner in the land; that C. C. Graddick, father of petitioner, has not made any attempt to stop the acts of waste; that these acts have rendered the life-estate subject to forfeiture, and caused the title to the land to vest absolutely in fee simple in petitioner; that she elects to declare the same forfeited and take immediate possession of the estate; that G. Z. Blalock took his title with full knowledge that waste, both voluntary and permissive, had been committed upon the land, and that he had continued these acts. The prayers were, that the life-estate of C. C. Graddick and the other defendants holding under him be declared forfeited; that petitioner recover the land, with the title, possession, and right of possession vested in her free of any condition.

The defendants demurred to the petition upon the grounds: (a) that it does not set out a cause of action; (b) that under the will of M. W. Graddick C. C. Graddick drew the southeast portion (50 acres) of lot 19, and A. O. Graddick drew 50 acres of the southwest portion of lot 19, and when A. O. Graddick died his brothers and sisters inherited this 50 acres, and the plaintiff has not and can never have any interest therein; (c) "that part of the petition which sues for the 50 acres drawn by her father, C. C. Graddick,

as she seeks to forfeit the life-estate of her father, she being the only child, and under the provisions of the will in the event of her death before the death of her father, then the brothers and sisters of C. C. Graddick, her father, would inherit the said 50 acres sued for; and the court for this reason cannot decree possession or title in the plaintiff as prayed for." The court sustained all the grounds of demurrer and struck the petition. Error is assigned on that judgment.

*Claude Christopher* and *E. B. Weatherly,* for plaintiff.

*J. F. Redding,* for defendant.

GILBERT, J. The petitioner does not allege such title in the land as would authorize the court to adjudge the forfeiture of the estate of the first taker, and to decree title in the petitioner free of condition. Her interest in the fifty acres of land in the southeast portion of land lot 19 was either no interest whatever or that of a contingent remainder—contingent upon the petitioner surviving her father, C. C. Graddick. If the latter and she predeceased her father, she being the only child, the title would revert to the surviving brothers and sisters of C. C. Graddick. *Curles* v. *Wade,* 150 *Ga.* 142 (106 S. E. 1); *Roberts* v. *Wadley,* 156 *Ga.* 35 (118 S. E. 664). It is not necessary to decide what was the exact estate C. C. Graddick received under the will to the southeast quarter, or what estate was conveyed to him by his brother, A. O. Graddick, as to the southwest fifty acres of the lot of land. Whether he obtained absolute fee simple, or defeasible fee, the result would be the same as to this petitioner. Both brothers received the same title under the will to their respective shares. A. O. Graddick could convey no greater estate than he obtained. If this was an absolute fee, obviously the petitioner has no legal rights which can be asserted. On the other hand, if A. O. Graddick's deed to C. C. Graddick did not convey fee-simple title, but, possessing only a defeasible fee under the will, did convey just that interest, it would revert to the surviving brothers and sisters on the death of A. O. Graddick leaving no children. In this event the petitioner would sustain the same relation to the title of both tracts of land, which, as stated above, is that of possessing no such title as would authorize her to assert any rights antagonistic to those of her father, C. C. Graddick, or his grantees. The only prayers of the petition are those set out in the accompanying statement of the case, and

we are not called upon to decide whether under any circumstances the petitioner would be entitled to a decree to restrain waste.

*Judgment affirmed. All the Justices concur.*