ETHRIDGE *v.* LEAPTROT *et al.*

In one item of his will the testator devised certain lands to a named trustee in trust for the separate use and benefit of his daughter-in-law, Elizabeth Leaptrot, wife of the testator's son, James B. Leaptrot, "and her children now living and hereafter born by her or any other lawful wife that he [the son] may have." And in this connection in the same item the will provides that should the daughter-in-law referred to die before the son of the testator, then her interest in said property should go to "the children of the said James B., and upon the death of the said James B. and his wife or wives" the trust should terminate and end, and the property devised should go to and become the property in fee simple of the children then living of the said James B. [Leaptrot]. The plaintiff in error was the child of a daughter of James B. Leaptrot and his wife Elizabeth Leaptrot. Her mother survived the testator but predeceased her parents, James B. Leaptrot and his wife Elizabeth. Plaintiff in error as heir at law of her mother claims an interest in the land in controversy; that under the will, properly construed, the remainder interest created by the will vested in the children of James B. Leaptrot who were in life at the death of the testator or who might thereafter be born. The court below held, in effect, that the remainder estate passed to the children of James B. Leaptrot and his wife, who survived them or were living at their death. · *Held,* that the court properly construed the item of the will under consideration, and did not err in holding that the plaintiff in error had no interest in that portion of the testator's estate devised by this item of the will.

No. 5314. JULY 16, 1926.

Equitable . petition. Before Judge Hardeman. Jefferson superior court. December 31, 1925.

---

Wills, 40 Cyc. p. 1512, n. 10.

*H. W. Nalley* and *P. M. Mosley,* for plaintiff in error.

*Phillips & Abbot* and *R. G. Price,* contra.

BECK, P. J. The sole question in this case depended upon the construction of the item of the will referred to in the syllabus. After carefully considering the same, we are satisfied that the construction placed upon that item by the court below was correct. It is unnecessary here to discuss the question at length, as questions very similar have been elaborately discussed in prior decisions rendered by this court. One of these cases is that of *Roberts* v. *Wadley,* 156 *Ga.* 35 (118 S. E. 664), and there are cited in the opinion of Mr. Justice Atkinson numerous cases, several of which are directly in point upon the question presented by this record.

*Judgment affirmed. All the Justices concur.*