## English *et al.* v. Davis *et al.*

Bell, Presiding Justice. 1. Where a deed conveyed land to D., "heirs and assigns, his lifetime, and then to the lawful heirs of his body, then to their heirs and assigns," to have and to hold the same to "said party of the second part, his heirs, executors, administrators, and assigns, in fee simple": *Held*, that in view of the words "his lifetime" the deed conveyed only a life-estate to D., with remainder to the lawful heirs of his body; and there being no other limitation over, the deed constituted a conveyance to D. for life, with remainder in fee simple to his children. Code, §§ 85-504, 85-505, 85-707; *Ewing* v. *Shropshire*, 80 *Ga.* 374 (7 S. E. 554); *Crawley* v. *Kendrick*, 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *King* v. *McDuffie*, 144 *Ga.* 318 (2) (87 S. E. 22); *Overby* v. *Scarborough*, 145 *Ga.* 875 (90 S. E. 67); *Perkins* v. *Perkins*, 147 *Ga.* 122 (92 S. E. 875); *Palmer* v. *Atwood*, 188 *Ga.* 99 (3 .S. E. 2d, 63).

2. The foregoing conclusion accords with the Code, § 29-109: "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Also with the ruling in *Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 830 (6) (51 S. E. 666), applying the principle stated in this section. The present case differs on its facts from *Griffin* v. *Stewart*, 101 *Ga.* 720 (29 S. E. 29), in which the deed contained no language indicating the grant of a *life-estate*, with limitation over. Compare *Craig* v. *Ambrose*, 80 *Ga.* 134 (4 S. E. 1); *Cooper* v. *Harkness*, 188 *Ga.* 121 (2 S. E. 2d, 918).

3. It appearing from the petition that the plaintiffs as the children of the life-tenant are the designated remaindermen, and that the defendants claim the land solely under a deed from the life-tenant, since deceased, the petition stated a cause of action for recovery of the land, and for cancellation. The court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 14322. December 1, 1942.

*J. F. Floyd,* for plaintiffs in error.   *L. A. Whipple,* contra.