## 19384. MONTGOMERY et al. v. PIERCE.

ARGUED JUNE 12, 1956—DECIDED JULY 10, 1956—
REHEARING DENIED JULY 24, 1956.

*Graham Glover, Harris & Harris, Neel & Ault, J. M. Neel,* for plaintiff in error.
*Elizabeth Brown, Maddox & Maddox,* contra.

ALMAND, Justice. Emma Pierce, in an equitable petition against Hattie Lou Montgomery and six other individuals, stated the following case:

Frank Pierce, Sr., died intestate on November 28, 1916, and in Item 3 of his will he devised to his wife, Hattie Pierce, for and during her life, a described parcel of land, as well as all of his personal property, and in the following item he devised the same real estate, on her death, to his four children, Frank Pierce Jr., Hattie Pierce, John McNeill Pierce, and Annie Speaker Pierce, "and to no other, except hereinafter provided in special legacies and in no other way and to no other extent than as provided in said legacies." In Item 7, he provided that his executor should sell only such parts of his personal property as were sufficient to pay his debts, and the remainder should be kept intact for the proper use and cultivation of the farm lands, and in the event the income from the lands "shall be insufficient to pay the special legacies hereinabove provided for, then and in that event the various sums shall be reduced pro rata so as to be provided for in the yearly income of said farm, and I have hereinbefore devised and bequeathed to my four children named in item four of this my will all my real and personal property after the death of my wife, on condition that they provide for the payment of the special legacies herein named or so much thereof as may be derived as income from the property herein bequeathed, as well also debts owing me." Item 8 provides: "In the event of death of Annie Speaker without issue her share in my estate to go to John McNeill, and vice versa, and in the event of the death of Frank, Jr., Hattie, John McNeill and Annie Speaker without issue, then to go to the child or children of Fannie Smith and Emma Henderson, and then to their issue share and share alike." The wife, Hattie Pierce, the life tenant, died on April 1, 1917. Hattie Pierce and Annie Speaker Pierce, two of the children of Frank Pierce, Sr., died before he did, leaving no issue.

It was alleged that in 1940 John McNeill Pierce filed a petition in the Superior Court of Floyd County against Ida Pierce Scott, Fannie Pierce Smith, Frank Pierce, Jr., and Emma Pierce Henderson, seeking a partition of the tract of land which had been devised by Frank Pierce, Sr., to his wife for life and then to his named children. Attached to the petition were copies of the

pleadings and orders in the partition case. A verdict and judgment being rendered in favor of the petitioner for partition, partitioners were appointed, and the court affirmed their report, under which the northern part of land lot 107 in the 22nd district and 3rd section of Floyd County was decreed to be in John McNeill Pierce; that John McNeill Pierce, the husband of petitioner, died on January 24, 1952, testate, and under his will petitioner is his sole legatee, he having died without issue surviving. It was also alleged that all the defendants are the children of Fannie Pierce Smith and Emma Pierce Henderson, children of Frank Pierce, Sr., and referred to in Item 8 of his will; that the plaintiff, by virtue of the will of Frank Pierce, Sr., and the partition proceeding, was the owner of the land described in the partition proceeding; that she had endeavored to sell said property, when the defendants set forth their claim thereto, contending that under the terms of the will of Frank Pierce, Sr., upon the death of Frank Pierce, Jr., without issue, they, the defendants, will be vested with title to the land claimed by the plaintiff; and by this proceeding she sought a determination of her title and right to the property, as well as a determination as to whether or not the defendants or any of them had any right, title, or claim thereto.

The defendants filed their general demurrers to the petition, as well as their answers. The demurrers were overruled. The plaintiff filed her general demurrers to the answers of the defendants, which were sustained, and thereafter the case was heard by the court without the intervention of a jury, upon the pleadings and a stipulation of facts. The court thereupon entered a decree declaring the plaintiff to be the owner in fee simple of the tract of land described in the petition, and that the defendants had no title or interest in or to the same. The bill of exceptions of the defendants assigns error on the final decree, as well as on the several interlocutory orders.

■ It is insisted that the defendants' general demurers should have been sustained, because the petition is insufficient to state a cause of action for a declaratory judgment. By special demurrer, the defendants sought to strike the allegations in the petition which referred to the partition suit of John McNeill Pierce against Ida Pierce Scott and others, on the ground that

that proceeding and the judgment rendered therein were not binding on the defendants, because they were not parties thereto.

■ Though the plaintiff designated her case as a proceeding for a declaratory judgment, she prayed for process, and process was issued and served as in ordinary equitable actions, and the cause was not heard and disposed of as provided in the Declaratory Judgments Act (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101 et seq.), but as an ordinary equitable petition. We construe the petition as being one wherein the plaintiff sought equitable relief: first, for a construction of the will of Frank Pierce, Sr., to determine whether or not the defendants had any interest claimed by them in the subject matter of the litigation, wherein a construction of the will was essential to the protection of the distributive share that the plaintiff claimed through her husband, a devisee under the will (Code § 37-403; *Morrison* v. *McFarland*, 147 *Ga.* 465 (5), 94 S. E. 569); and secondly, to confirm the right which her husband and predecessor in title had obtained in the partition proceedings (Code § 37-1501). The prayers of the petition are primarily for a decree declaring: (a) that fee-simple title to the land in question was vested in the plaintiff by virtue of the will of Frank Pierce, Sr., and the partition proceedings; and (b) that the defendants had no right, title, interest, or claim of any nature in or to said lands. The prayers as to a declaration of rights were therefore only incidental to the equitable relief sought. The amended petition, thus construed, stating a cause of action for equitable relief, was not subject to the demurrer asserting that it did not state a cause of action for a declaratory judgment.

■ The plaintiff in her petition, in setting out the partition proceedings and decree, does not make any contention that the defendants were bound by those proceedings, though their mothers were parties to the same. It is apparent that the prior proceedings and decree were set out in the petition in order to show that the interest which John McNeill Pierce, the petitioner's husband, received under the will of Frank Pierce, Sr., had been fixed in the partition proceedings to be a certain described tract of land, to which the plaintiff claims title by virtue of these partition proceedings and the will of her husband. For these reasons the special demurrers were without merit, and it was not error for the court to overrule the same.

■ In their answers, the defendants admitted the allegations of the petition as to certain items of the will of Frank Pierce, .Sr., and that the plaintiff would not be able to sell the land in question without a judicial determination that she owned the same. They contended that, at the death of Frank Pierce, Jr., without issue, they would be entitled to all of the land which the plaintiff claims she owns, and that she does not now and never will have any interest in said real estate, either by inheritance or by virtue of the will of Frank Pierce, Sr., and they prayed that they be declared to be the contingent remaindermen, subject to defeasance if Frank Pierce, Jr., should have issue at the time of his death.

We are of the opinion that a construction of the will of Frank Pierce, Sr., will determine the respective rights of the parties; and since the pertinent provisions of the will and other admitted facts were before the court on the pleadings and an agreed stipulation, such construction will determine whether the rulings on the demurrers to the answer, and the final decree, were correct.

It is clear, from this will and the pertinent provisions which we have heretofore referred to, that it was the intent of Frank Pierce, Sr., to give to his wife, Hattie Pierce, for and during her natural life, all of land lot 107, and that at her death this property should go to his four named children, Frank, Jr., Hattie, John McNeill, and Annie Speaker. If the will had stopped there, there is no question but that these four named children would have had an estate in remainder, their interests vesting at the death of the testator. Under Item 8, the testator deals only with the event of the death of his four named children without issue. He first deals with the event of the death of Annie Speaker without issue, where he provided that her share in his estate should go to John McNeill Pierce; and if John McNeill Pierce died without issue, his portion should go to Annie Speaker; and he then provided that, "in the event of the death of Frank, Jr., Hattie, John McNeill, and Annie Speaker without issue, then to go to the child or children of Fannie Smith and Emma Henderson, and then to their issue share and share alike." The plaintiff contends that this item of the will means that only in the event all the named children died without issue prior to the death of the testator would the land go over to the defendants. The defend-

ants contend that the testator devised to the four named children a base fee, subject to be divested in the event all died without issue, whether they died before or after the death of the life tenant, and that they, as the children of Fannie Smith and Emma Henderson, upon the death of the last survivor, would be vested with an absolute fee; and since it appears that all the children named in Item 8 died without issue except Frank Pierce, Jr., who is still living but without issue, upon his death without issue they, the defendants, would take an absolute fee interest in the property.

"The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." Code § 85-708. Where the words of a will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down or limited by any subsequent provision which is not clearly as distinct as the former. *Kimbrough* v. *Smith*, 128 *Ga.* 690 (58 S. E. 23). If the expression relied upon to limit a fee once devised be doubtful, the doubt should be resolved in favor of the absolute estate. *Thomas* v. *Owens*, 131 *Ga.* 248 (1) (62 S. E. 218). In *Patterson* v. *Patterson*, 147 *Ga.* 44 (92 S. E. 882), the court had before it the construction of the will of Drury S. Patterson, wherein he devised to his wife a life estate in certain land, and after her death the land should be the property of his daughter Mary, but if Mary should die without child or children, then the property or the proceeds of the same was to belong to his son David. There the daughter survived the life tenant, but died without child or children, she never having married. It was claimed that Mary having died childless, the property passed to the son and his children. It was held that during the life of the life tenant the daughter Mary had a base fee, determinable upon her death should that event take place prior to the death of the life tenant, but that Mary, having survived the life tenant, took an absolute estate in fee. This court, in citing *Bailey* v. *Ross*, 66 *Ga.* 354, which quoted with approval Jarman on Wills, stated: "When the two concurrent or alternative gifts are preceded by a life-estate or other partial interest, or the enjoyment under them is otherwise postponed, the reasonable and legitimate con-

struction would be to apply the words in question to the event of death occurring before the period of possession." *Patterson v. Patterson*, supra, p. 46. In *Heath v. Rhea*, 149 *Ga.* 106 (99 S. E. 298), this court construed the will of Benjamin Heath, which devised to his wife certain real and personal property for her lifetime, and at her death the property was to be equally divided between his three named daughters, but in the event of any daughter dying without living child or descendant of them, then the share of such deceased daughter should be equally divided between the living daughters. Mary Elizer Heath, a daughter, survived the testator and the life tenant, and died without child or descendants of child. It was there held that, all three of the daughters having survived both the testator and the life tenant, each of them was entitled to her respective share in the land devised, in fee simple, and the children of one of them, the other two having died without issue, did not under the will acquire any interest whatever in the land so devised, and that the effect of the language in the will relating to survivorship was merely to provide for other legatees to take the estate of the testator in the event of the death of his daughters or either of them before the time fixed by the will for the absolute vesting of the estate in remainder; and whether the time fixed for the vesting of the remainder under the scheme of the testator's will was the date of his death or the date of the death of the life tenant, was not for decision by the court. See also *Bailey v. Ross*, supra; *Martin v. Citizens Bank of Marshallville*, 180 *Ga.* 741 (180 S. E. 734).

It appearing in this case without dispute that John McNeill Pierce survived both the testator and the life tenant, and that he received the property devised by the fourth item of the will of Frank Pierce, Sr., in fee simple, and that the defendants, the children of Fannie Smith and Emma Henderson, did not acquire any interest under the will in the land so devised, it is unnecessary to determine whether the time fixed for the vesting of the estate in remainder was the date of the death of the testator or of the life tenant. We find nothing in the testator's will to sustain the defendants' contention that it was his purpose to devise the land to them in the event that the four named children of the testator died without issue, or that the remainder interest

of John McNeill Pierce upon his death without issue should be held in suspense, not vesting in any one until the death of Frank Pierce, Jr., and in that event, if he died without issue, the interest of John McNeill Pierce, as well as the interests of the other children who had died without issue, would vest in the defendants.

It appearing that the interest of the children of Frank Pierce, Sr., was determined in the partition proceedings, and under such proceedings title to the land in question having been decreed to be in John McNeill Pierce, the court properly struck the answers of the defendants and rendered a final decree declaring the title to said land to be in the plaintiff.

*Judgment affirmed. All the Justices concur.*