34810. DUNN et al. v. SANDERS et al.

MARSHALL, Justice.

Plaintiff Judy Dunn is the widow, and plaintiff Mary Helen Dunn Marshall is the daughter of Ted Dunn, who died in 1966. His will was executed in 1958, and it was probated after his death in 1966.

In Item 3 of Ted Dunn's will, he devises to his "wife, Judy Dunn, for her life or for such time as she remains my widow without remarrying, the Home Tract of land where we now reside . . . with remainder to my daughter, Mary Helen Dunn." Item 6 of Ted Dunn's will provides that if his wife should remarry, then the fee simple title to the

property in Items 3 and 4 shall vest in his daughter, Mary Helen Dunn. Item 9 of the will provides: "In the event my daughter, Mary Helen Dunn, should die before my wife, without child or children, then my wife shall take a life estate in all of the property above described in Items Three, Four and Seven and the remainder shall vest in fee simple in my nieces, Judy Branch and Susan Dunn, and in my nephew, Ted Dunn, share and share alike." Item 10 provides: "In the event my daughter, Mary Helen Dunn, should die before my wife with child or children, and before any of said estate named in Items Three, Four, Seven and Eight above, vest in fee, then and in that event, the child or children of my daughter, Mary Helen Dunn, shall immediately take the place of and be substituted in the place of their mother in each and every item of this will."

This suit was commenced by the plaintiffs against the nieces and nephews of Ted Dunn, who are named in Item 9 of his will. In the petition, it is alleged that since Ted Dunn's death, Mary Helen Dunn Marshall has married and has one minor son, who was born in 1969. (Judy Dunn has not remarried.) It is further alleged that the plaintiffs have been offered a large sum of money for five acres of the property described in Item 3 of the will; that the income produced by this property is insufficient to pay the taxes and maintenance thereon; and that Mary Helen Dunn Marshall needs the funds which would be produced by the sale of the five acres for the support and education of her minor child. The plaintiffs prayed that they be declared the sole and complete owners of the property in question and that they be allowed to sell five acres of the property, conveying a fee simple title. They also requested that a guardian ad litem be appointed to represent the interests of the minor child.

In the defendants' answer, they alleged as follows: Items 9 and 10 of the deceased's will create a contingent remainder in the defendants, which would become possessory upon the death of plaintiff Mary Helen Dunn Marshall without child living at her death, provided that Mary Helen Dunn Marshall not survive Judy Dunn. The plaintiffs' counter-argument is that Mary Helen Dunn Marshall's remainder interest in the property described

in Item 3 of the deceased's will became vested upon the birth of her·minor son.

The trial court ruled that the language of Item 10 of the will evinced an intent on the part of the testator that the remainder interest in the home tract not become vested until the death of the life tenant. As such, the trial court ruled that the remainder interest did not vest in Mary Helen Dunn Marshall upon the birth of her child, and that the remainder interest would not vest until the death of the life tenant.

However, the trial court approved the sale of the five acres, recognizing its equitable power to order the sale of fee simple title to real estate in which there are contingent remainder interests. See *Kennedy v. Durham,* 219 Ga. 859 (136 SE2d 343) (1964); *Ethridge v. Pitts,* 152 Ga. 1 (108 SE 543) (1921); *Cooney v. Walton,* 151 Ga. 195 (106 SE 167) (1920). See generally Pindar, Ga. Real Estate Law, §§ 7-43 — 7-47. The court did order the proceeds of the sale to be placed in the court registry "until such time as evidence has been introduced as to a proper value of the life estate in question. At such time, this court will order disbursement of said funds in keeping with the needs of the parties and the remainder thus due to contingent remaindermen, known and as yet unknown, will be given further direction by the court." See *Ethridge v. Pitts,* supra.

The plaintiffs appeal, arguing that the trial court erred in failing to rule that, under the terms of the deceased's will, Mary Helen Dunn Marshall acquired a vested remainder interest in the subject property upon the birth of her child. *Held:*

The cardinal rule in the construction of wills is to give effect to the intention of the testator, as expressed in the will as a whole. Code § 113-806. E.g., *Seymour v. Presley,* 239 Ga. 572 (238 SE2d 347) (1977); *Sheats v. Johnson,* 229 Ga. 150 (1) (189 SE2d 856) (1972).

Looking to all of the items of Ted Dunn's will (see particularly Items 6 and 10, supra), it is clear to us that he did not intend the remainder interest of his daughter to vest until the termination of her mother's life estate, either through her death or remarriage.

The daughter is given an unqualified remainder in

Item 3 of the will, but in Item 9 the testator states that if the daughter should die before the wife without child or children, then the remainder shall vest in certain named nieces and nephews. In our opinion, this gives the daughter a defeasible remainder in fee subject to an executory limitation in favor of the nieces and nephews named in Item 9. See *Wisse v. Anderson,* 235 Ga. 255 (219 SE2d 393) (1975); *McDonald v. Suarez,* 212 Ga. 360 (93 SE2d 16) (1956); *Scranton-Lackawanna Trust Co. v. Bruen,* 206 Ga. 872 (59 SE2d 397) (1950); *Sanders v. First Nat. Bank of Atlanta,* 189 Ga. 450 (6 SE2d 294) (1930); *Starnes v. Sanders,* 151 Ga. 632 (108 SE 37) (1921); *Matthews v. Hudson,* 81 Ga. 120 (7 SE 286) (1888). See generally Pindar, Ga. Real Estate Law, §§ 7-6, 7-56. The remainder will be divested, and the nieces and nephews will take, if the daughter dies without child or children before termination of the life estate through either the daughter's mother's death or remarriage. If the daughter's child dies prior to the date of the daughter's mother's death or remarriage, the daughter will die without child or children, as expressed in the will.[1] Thus, the remainder interest in the daughter will not vest indefeasibly until termination of the underlying life estate. Cf. *Thomas v. Berry,* 151 Ga. 7 (105 SE 478) (1921). Since the life estate has not terminated, the trial court did not err in ruling that the daughter has not acquired an indefeasibly vested remainder interest in the property.

As stated in Code § 85-708, the law favors the vesting of remainders in all cases of doubt. See, e.g., *Busbee v. Haley,* 220 Ga. 874 (142 SE2d 786) (1965); *Gay v. Graham,* 218 Ga. 745 (130 SE2d 591) (1963); *Bryant v. Green,* 187 Ga. 89 (199 SE 804) (1938); *Crumley v. Scales,* 135 Ga. 300 (69 SE 531) (1910); *Griswold v. Greer,* 18 Ga. 545 (1855). Code § 85-708 further provides that in construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest

---

[1] It has been held that a gift to A, and if he dies without issue, to B, does not confer any interest upon A's children. *Phinizy v. Wallace,* 136 Ga. 520 (71 SE 896) (1911).

intention to the contrary appears. See *Worley v. Smith,* 236 Ga. 888 (225 SE2d 911) (1976). In the present case, it is manifest that the words of survivorship of the daughter's child or children have reference to the death or remarriage of the mother and not the death of the testator. Cf. *Trust Co. Bank v. Heyward,* 240 Ga. 557 (242 SE2d 257) (1978).

There are many decisions construing items in wills devising property to a named person, followed by a provision that in the event of such party's dying "without issue," the property will go to another. See *Montgomery v. Pierce,* 212 Ga. 545 (93 SE2d 758) (1956); *Davant v. Shaw,* 206 Ga. 843 (59 SE2d 500) (1950); *Starnes v. Sanders,* 151 Ga. 632, supra; *Patterson v. Patterson,* 147 Ga. 44 (92 SE 882) (1917); *Crumley v. Scales,* 135 Ga. 300, supra. As stated in *Crumley v. Scales,* 135 Ga. at 306, "While the courts have used various arguments and applied sundry rules of law to uphold the conclusion reached by them in construing some particular will, no fixed guide can be followed, and each case must rest on its own peculiar facts in determining what disposition the testator really wished to make of his property." Accord, e.g., *Olmstead v. Dunn,* 72 Ga. 850 (1884); *Cook v. Weaver,* 12 Ga. 47 (1852).

Code §§ 85-504, 85-505, and 85-506 deal with estate tails (e.g., a grant or devise to "A and his heirs," to "A and the heirs of his body," to "A and his male heirs") and estate tails by implication (e.g., a grant or devise to "A, and if he dies without issue, to B," to "A for life, and if he dies without issue, to B."). In the present case, the limitation over to the daughter is not dependent upon the death of the mother, the first taker, without heirs or issue. Thus, neither the daughter's nor the mother's estate in this case is an express estate tail or an estate tail by implication. Consequently, the rules embodied in Code §§ 85-504, 85-505, and 85-506 have no application here. See *Brooks v. Williams,* 227 Ga. 59 (178 SE2d 880) (1970); *Folds v. Hartry,* 201 Ga. 783 (41 SE2d 142) (1947); *Guess v. Morgan,* 196 Ga. 265 (26 SE2d 424) (1943); *English v. Davis,* 195 Ga. 89 (23 SE2d 394) (1942). See generally, Pindar, Ga. Real Estate Law, § 7-7.

The fact that the property interests under review are executory devises upon a defeasible remainder, as

opposed to alternative contingent remainders, makes no real difference to the outcome of the case. *Boyd v. Sanders,* 141 Ga. 405 (81 SE 205) (1914). The daughter's remainder interest has not become indefeasibly vested. Con-- sequently, she could not sell any of the property with- out resort to a court of equity. See *Boyd v. Sanders,* supra. The grant by the superior court of her application to sell the five acres in Item 3 of her father's will was well within the court's equitable authority. The judgment appealed from is, accordingly, affirmed.

*Judgment affirmed. All the Justices concur, except Hill and Bowles, JJ., who concur in the judgment only.*

ARGUED MAY 14, 1979 — DECIDED MAY 30, 1979.

*Copelan & Kopp, Jesse Copelan, Jr.,* for appellants.
*Michael Sheldon,* for appellees.