(Decided 24th November, 1875.)

---

JESSE F. HAMMETT *vs.* JAMES R. HAMMETT, and C. B. SLINGLUFF and J. A. C. BOND, Trustees.

*Construction of a Will.*

A testator in 1850 devised as follows: "I desire that my half of all the property real and personal, held jointly by my brother J. and myself, shall be for the use of my wife during the time she shall remain my widow, for the support of herself and children. If she should marry again, I devise the same to my two children equally, and should one of them die, the property to go to the survivor, and in the event of the decease of both, then the property, to go to my brother J. and his children, or the next of kin." The wife married again, and both the testator's children survived that event, arrived at age and had issue. Upon a sale of the devised property under a decree for a partition, the purchaser filed exceptions to the sale upon the ground that the testator's children took only life estates, and not the fee-simple, under the will. HELD:

1st. That the words used by the testator, "all the property real and personal," were sufficient as the law then stood, to dispose of all his interest in the property.

2nd. That construing the language of the will according to the settled rules of construction, to carry into effect the intention of the testator, it was his purpose, in the event of his wife's marriage, his children surviving, that they should take the fee-simple in the property.

3rd. That these events having occurred, the clause of limitation intended to modify or reduce their interest became inoperative, and the children were entitled to the property in fee, and the purchaser at the trustees' sale acquired the same estate.

Hammett *vs.* Hammett, *et al.*

It is the province of the Court to construe the language and give effect to the will according to the intention of the testator, if that can be ascertained to a reasonable certainty, however inartificial the terms employed.

The instrument should not be avoided in whole or in part by its obscurity, if reasonable meaning can be given to its expressions.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The appeal in this case involves the construction of the will of Robert H. Hammett, made and admitted to probate in the year 1850, and the terms of which are set forth in the opinion of this Court. The widow of the testator married again. His only children, Jesse F. and James R., are of age, and are married, and have children. The bill in this case, was filed by James R. Hammett against his brother Jesse F. Hammett, to procure a sale of certain real estate devised under said will, for the purpose of partition. A decree for a sale was passed in the Court below, and trustees were appointed to make the sale; the property was sold as a fee-simple estate to Jesse F. Hammett.

Subsequently, the purchaser with a view of determining what interest he held, doubts in relation thereto having been suggested, filed exceptions to the sale, on the ground that the children of Robert H. Hammett did not acquire a fee-simple title under their father's will. The Court, by consent of counsel, passed an order overruling these exceptions and ratifying the sale. From this order the present appeal was taken.

The cause was submitted to BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Fielder C. Slingluff*, for the appellant.

*James A. C. Bond* and *J. Alexander Preston*, for the appellees.

STEWART, J., delivered the opinion of the Court.

This case involves the construction of the following clauses in the will of Robert H. Hammett:

"I desire that my half of all the property, real and personal, held jointly by my brother Jesse and myself, shall be for the use of my wife during the time she shall remain my widow, for the support of herself and children."

"If she should marry again, I devise the same to my two children equally, and should one of them die, the property to go to the survivor, and in the event of the decease of both, then the property to go to my brother Jesse and his children, or the next of kin."

According to the conceded facts, his wife did marry again, and the two children have survived that event, both are of age and have children.  There can be no question that the intention of the testator to be derived from a consideration of all the provisions. of the will, must govern its construction, and be carried into effect, if he has used language sufficiently intelligible to enable the Court to comprehend his purpose.

The testator does not undertake in the first clause, to dispose of the fee in the property.

He merely gives the use of it to his widow, for the support of herself and children, so long as she remains such.

Without other provision, his children would have taken the property in fee by inheritance, after the determination of the limited estate given to his wife.

It is to be presumed, the testator was aware that such would have been the effect, and that he so intended, in case his wife never married, but continued a widow.

The language of the will should not be construed to impair the legal rights of the children, unless it can be clearly deduced therefrom, that such was the intention of the testator.

The testator obviously had in his contemplation, when he made his will, that his wife might not remain his

widow, and very clearly provides that in the event of her marriage, her rights in the property should cease, and the children should forthwith take the property equally.

The words used by the testator, "all the property, real and personal," are sufficient as the law then stood, to dispose of all his interest in the property. Under that provision his children would take the property after the determination of his wife's estate by her marriage, which they would have inherited at her death, if she had remained a widow, under the operation of the former provision.

From both provisions, it seems manifest the testator designed to give the property to his children absolutely, if in the contingency provided for in his will, one or both of them as the case might be, should then be alive.

Where there are two or more contingencies provided for in the will, and it is uncertain which, it is more reasonable that one should be adopted, which regards the natural intention, to be presumed, that the testator did not mean to disinherit his children.

If we should select the contingency that he referred to, the death of his children, whenever that might occur ; such a construction would confine the estate, given to the children, to a life interest in the property. The testator having given them by the first words, a fee-simple, it is not a fair presumption that he intended to reduce that estate, should one or both be alive when the contingency happened. It is much more natural that he should design if his children or one of them was alive, when the right in the property was provided to vest, that both, or the one surviving, should take it.

By this construction the property would belong to them both, if they were then living, or to that one happening to survive, but if both were then dead, the limitation over to operate. The testator was providing for the occurrence of events as they might happen, in the future ; which, it

was not within the compass of his ability, certainly to know whether they would occur or not, or if they should transpire, in what order that would be.

Whilst mere conjecture must not be taken for necessary implication, *Cruise, Tit. Devise, ch*. 10, *sec*. 19, referred to in *Ridgely vs. Bond & Wife*, 18 *Md*., 448, we think, according to the well settled rules of construction, the testator must be presumed as referring to the contingency of his children dying before the marriage of his wife, if one was then dead, the other to take, if both dead, then the limitation over to operate.

This is to give to his language as far as can be admitted, that reasonable construction most favorable to his children, who ought not to be excluded, from their legal and natural right, if the language employed is capable of a different construction.

The testator knew that one or both of his children would die at some period in the future, but he did not know when their death would occur. He is therefore to be presumed, in using the language, should one of them die, to refer not to the fact of death, but to some event before or after which it might occur.

To apply it to death, whenever that might occur, would be to make death a contingent event, whilst it is an absolute certainty. With knowledge of the certainty of death, but ignorant of the time when it might occur, the testator must be presumed to have intended that his language should have its accurate force and effect, and have reference to the contingency of the death of one or both of his children, before some other event.

His language cannot be properly construed to apply to death or a contingency, which may or may not happen.— 1 *Roper on Leg*., 406.

Where the testator has so expressed himself, with no other terms to qualify or define his meaning, he must be understood to intend what his language properly imports.

The terms employed admit of no other interpretation, according to their true meaning, and the rules of construction, than to apply them to the contingency of the child dying before himself, or the marriage of his wife. See *Dorsey's Ex'r vs. Dorsey*, 9 *Md.*, 40.

This construction seems to be in harmony with the general intent of the testator, and there can be no doubt that he did intend to refer to the event of his wife's marriage, and if his children were then living, to give to them his property, and if one was then dead, to give it to the survivor, and if both were dead then to go over to the other devisees named. His wife did marry, but both children have survived, which defeats the limitation over.

It was said by this Court in *Hill's Lessee vs. Hill and others*, 5 *G. & J.*, 99, if there is no event, or period to which the words "in case of his death," used in the will in that case, can be applied, as words of contingency, perhaps it would be more consonant to the rules of construction, and more safe to reject them altogether as ambiguous and incapable of being carried into effect, than to use the words of contingency there proposed.

Such must be the case where the meaning is merely conjectural, and if the language employed by the testator here, were of that character and to be avoided for the uncertainty, the rejection would vest the property in the children. But it is the province of the Court, to construe the language, and give effect to the will according to the intention of the testator, if that can be ascertained to a reasonable certainty, however inartificial, the terms employed.

The instrument should not be avoided in whole or in part, by its obscurity, if reasonable meaning can be given to its expressions.

Construing the language of this will according to the settled rule of construction, to carry into effect the intention of the testator, we think it was his purpose in the event of his wife's marriage, his children surviving, that

they should take the fee-simple in the property. These events having occurred, the clauses of limitation intended to modify or reduce their interest, have become inoperative, and the children are entitled to the property in fee, and the purchaser at the trustees' sale, acquired the same estate.

*Order affirmed.*

(Decided November 24th, 1875.)