The Mercantile Trust and Deposit Company, Trustee, &c. *vs.* Mattie R. Brown, George Brown and others.

### *Construction of Will—Gift, when Vested.*

The fourth clause of the will of a testator contained the following provision: One undivided seventh part of my said estate, said trustees shall hold for the use and benefit of my son T. H. B., for and during his natural life; and from and immediately after his death for the use and benefit of the widow of said T. H. B., for and during her widowhood; and from and immediately after the marriage or death of such widow, whichever shall first happen, then for the use and benefit *per stirpes* of such child or children, and descendants of a deceased child or children, of the said T. H. B. as may be living at the time this one-seventh part is intended to vest." And the sixth clause of said will was as follows: "And I further direct that if any one or more of my sons, who are provided for in trust by the fourth clause of this will, shall die without leaving lawful issue living at that time of his or their deaths, respectively, his or their share shall lapse and fall into my estate, to be equally divided among the survivors of those provided for in said clause in the manner and upon the trusts therein set forth, provided that all other trusts in said fourth clause are fulfilled." The fifth clause provided that, if the shares placed in trust should devolve upon a minor or minors "the shares of such child or children shall be payable as they respectively attain the age of twenty-one years." And further provided that "when any such minor children shall die without leaving lawful issue living at the time of their deaths, their respective shares shall devolve as if such minor or minors had not been in being." Held:

1st.  That the plain meaning of the testator in these several clauses was, that he intended the possession and the vesting to be simultaneous.

2nd.  That the period of possession being after the termination of the life estates of both T. H. B. and his widow, the property did not vest in the children until both these life estates were terminated.

3rd.  That upon the death or marriage of the widow the property would then vest in the adults.

4th.  That by the fifth clause the vesting, in case of a minor, would be further postponed until such minor, whether male or female, arrived at the age of twenty-one.

APPEAL from the Circuit Court of Baltimore City.

An auditor's report and accounts distributing the proceeds of the sale of the real estate of Garrett Brown, deceased, awarded a portion thereof to be "set apart to be paid over to the trustee to be appointed by this Court, for the share of the testator's estate devised and bequeathed to his son Thomas H. Brown, to be held in trust for and during the life or widowhood of Mattie R. Brown, the widow of said Thomas H., and after her death or marriage to be paid over and delivered by said trustee to the children of said Thomas H. Brown, who were living at the time of his, Thomas H.'s death, freed and discharged of and from the trust declared in and by the will of the said testator."  The appellant was appointed trustee for said share, and excepted to said accounts on the ground that said fund, after the death or marriage of Mattie R. Brown, should have been awarded "to the children and descendants of said Thomas who may be living at the time of the death or marriage of said Mattie R. Brown."  This appeal is from a *pro forma* order of the Court below (DENNIS, J.) overruling said exception and ratifying the said accounts so far as the share awarded to and held by the exceptant was concerned.  The will of Garrett Brown, as far as the same affects this case, is set forth in the opinion of the Court, except the fifth clause, which is as follows: "I direct that whenever under the foregoing fourth clause of this my will, the shares thereby placed in trust shall devolve upon a minor or minors, the shares of such child or children shall be payable as they respec-

tively attain the age of twenty-one years. And that when any such minor children shall die without leaving lawful issue living at the time of their deaths, their respective shares shall devolve as if such minor or minors had not been in being."

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Adam Denmead,* for the appellant.

*Frank Gosnell,* for the appellees.

STONE, J., delivered the opinion of the Court.

The object of this suit is to ascertain the true construction of the will of Garrett Brown. The difficulty arises upon the fourth clause of the will, and the devise therein of one-seventh of the property of the testator to his son Thomas H. Brown. The only question for our decision is whether the property devised to Thomas H. Brown *vested* in the children of the said Thomas H. Brown upon the death of the said Thomas H., or not until the death of his widow, who is still living and unmarried. Thomas H. Brown died in 1871, leaving a widow and several children. The widow, as we have said, is still living and unmarried, and we must determine whether the children have now, before her death, a vested or contingent interest in the property. It is a matter of some practical importance to them, for, if they have a *vested* interest, its value is readily ascertainable, and it can easily be sold or incumbered, although the property will not go into their possession until the death or the marriage of their mother. The clause in dispute is in these words :

"One undivided seventh part of my said estate said trustees shall hold for the use and benefit of my son,

Thomas H. Brown, for and during his natural life ; and from and immediately after his death for the use and benefit of the widow of said Thomas, for and during her widowhood. And from and immediately after the death or marriage of such widow, whichever shall first happen, then for the use and benefit *per stirpes* of such child or children, and descendants of a deceased child or children, of the said Thomas, as may be living at the time this one-seventh part is intended to vest."

The sixth clause of the will is as follows: "And I further direct, that if any one or more of my sons, who are provided for in trust by the fourth clause of this will, shall die without leaving lawful issue living at the time of his or their deaths, respectively, his or their shares shall lapse and fall into my estate to be equally divided among the survivors of those provided for in said clause in the manner and upon the trusts therein set forth; provided, that all other trusts in said fourth clause are fulfilled."

We may well concede the general rule contended for by the appellee, that the law favors the earliest vesting of estates wherever it can be done consistently with the wishes of the testator. But, as the testator has the power to fix the time of vesting to suit himself, (always within the time the rule of law fixes,) the Courts always endeavor to ascertain his intention, and act accordingly. This subject has been very fully discussed in the recent cases of *Engel, et al. vs. State, use of Geiger,* 65 *Md.,* 539; and *Straus vs. Rost,* 67 *Md.,* 465; as well as in the case of *Bailey vs. Love,* 67 *Md.,* 592; and we think a repetition of the general rules laid down in these cases is unnecessary. The case at bar strongly resembles, in its essential features, the case of *Straus vs. Rost,* and we think the intention of the testator that this property should not become vested in the children of Thomas H. Brown until the death or marriage of their mother is plainly inferrible from the terms of the will.

The testator devised a portion of his property to his son for life, and "from and immediately after his death, for the use and benefit of the widow of said Thomas for and during her widowhood. And from and *immediately* after the death or marriage of such widow, whichever shall first happen, then," to the children or descendants *per stirpes* "of the said Thomas as may be living at the time this one-seventh part *is intended to vest.*"

These latter words, we think, indicate that the testator intended this property to become vested at some period more remote than the death of the first taker, Thomas. The testator had given Thomas and his wife, (as long as she remained a widow,) life estates, and when these life estates were at an end, to the child or children of Thomas, or their descendants *per stirpes*, who might *then* be living. If, before the death of Thomas *or* his widow, any of his children had died without descendants, the share of such deceased child would have gone as provided in the sixth clause, and not by descent. The term, *then*, refers to the death of Mrs. Brown, and only the children or their lineal descendants who might be living at that period will be entitled.

The sixth clause specifically disposes of the shares of the children who might die without issue living at the time of their death, and negatives the idea of a vested interest which such child might dispose of by will or otherwise.

The fifth clause of the will is in accord with these views. It provides that, if the shares placed in trust should devolve upon a minor or minors, the shares due to such minors shall be payable as they arrive at the age of twenty-one. But even although such shares may have devolved upon a minor, that is, after the death of both Mr. and Mrs. Brown, still, if the minor died a minor and without lineal descendants, then his share should go to the other children, for such is the plain

meaning of the words, "as if such minor or minors had not been in being." The plain meaning of the testator in these several clauses seems to us to be this: That he intended the *possession* and the *vesting* to be simultaneous, and the period of possession being after the termination of the life estates of both Mr. and Mrs. Brown, that the property does not vest in the children until both these life estates are terminated. Upon the death or marriage of the widow, the property would then vest in the adults. But by the fifth clause the *vesting* in case of a minor would be further postponed until such minor, whether male or female, arrived at the age of twenty-one.

The order appealed from must be reversed and the cause remanded.

*Order reversed, and*
*cause remanded.*

(Decided 12th June, 1889.)