# NEWPORT.

---

## SAVINGS BANK OF NEWPORT *vs.* JOHN FRANK HAYES, Executor, *et al.*

A testator, by the third clause of his will, gave to his wife, M. E. H. as long as she should remain sole and unmarried, all the interest that should accrue on his notes, mortgages and money.

By the fourth clause, he gave the residue, after his wife's decease, or in case she should again marry, equally to his three children J. F. H., D. J. R. and M. H.

The sixth clause was as follows : " In case my said daughter D. J. R. should die before my said wife M. E. H., the said D. J. R.'s part is to go to her daughter J. L. R."

The widow M. E. H. remarried in 1886. J. L. R. died in January, 1890, without issue, and D. J. R. died in October, 1890, intestate, M. E. H. surviving.

*Held*, that the bequest to D. J. R. became vested and absolute upon the remarriage of M. E. H., and belongs to the administrator of D. J. R. as part of her estate.

BILL OF INTERPLEADER.

*Providence, January* 31, 1894. STINESS, J.   The third clause of the will of Edward Hayes, late of New Shoreham, gave to his wife, Mary E. Hayes, as long as she should remain sole and unmarried, all the interest that should accrue on his notes, mortgages and money.   The fourth clause gave the residue, after his wife's decease, or in case she should again marry, equally to his three children, John Frank Hayes, Deborah J. Rose and Maggie Hayes.   The sixth clause was as follows :   "In case my said daughter Deborah Jane Rose should die before my said wife Mary E. Hayes, the said Deborah Jane Rose's part is to go to her daughter Joanna L. Rose."

Edward Hayes died December 3, 1884, and his widow remarried September 5, 1886.   Deborah married Edward M. Dunn, October 2, 1886, and was subsequently known as Jane D. Dunn.   After the re-marriage of the widow, the respondent John Frank Hayes, as executor of the will of his father, delivered one-third of the personal property referred to above, amounting to about $1700, to his sister Deborah, and a portion of that sum was deposited in the complainant bank in her name as Jane D. Dunn, where it now remains.

Joanna L. Rose died January 5, 1890, without issue, and Deborah died October 4, 1890, intestate.

As both these deaths occurred during the life of the widow the respondent John Frank Hayes claims that the fund in question belongs to the next of kin of Edward Hayes, as part of a lapsed legacy, and the administrator of the estate of Deborah J. Dunn claims that it belongs to him.

The case has been elaborately presented in behalf of the claimant John Frank Hayes, upon the assumption that the

bequest to Deborah, taking the fourth and sixth clauses of the will together, was a contingent interest simply, dependent upon her surviving her mother, the widow of Edward Hayes. But the question arises is this assumption correct. We do not think it is.

The fourth clause provided for the absolute division of the personalty upon the death of the widow or upon her re-marriage. Upon the happening of the latter event the gift was complete and there is nothing in the will which evinces any intention to cut it down. The sixth clause relates to but one of the events named in the fourth. If we should hold that this affects the whole gift under the fourth clause, we should thereby cut down, by an implication, the absolute bequest upon the contingency of a re-marriage and violate the plain words of the testator. The sixth clause was evidently intended to direct how the gift should go in case Deborah should not take it upon the event of a re-marriage. It was an executory bequest to Joanna, dependent upon the fact that the estate had not previously vested in her mother upon the happening of the event as provided in the fourth clause. In no other way can we construe the clause without striking out of the fourth clause the unqualified direction to divide the estate upon that event. The re-marriage occurred. Thereupon Deborah's right became vested and absolute; and that this is the natural meaning of the language of the will is further evidenced by the fact that the parties themselves so understood it and acted accordingly. Her share was properly turned over to her and became, and is, a part of her estate.

The case is similar to *Edwards* v. *Edwards*, 15 Beav. 357; and although one of the rules of construction therein set forth was subsequently disapproved in *O'Mahoney v. Burdett*, L. R. 7 H. L. 388, the House of Lords considered that the language of the will in the former case amply sustained the decision.

*Mercantile Trust and Deposit Co.* v. *Brown*, 71 Md. 166, cited by the executor, is in line with the construction we have given to the will, although the time of vesting in that

case was more clearly expressed. As also *Straus* v. *Rost*, 67 Md. 465. Our conclusion is that the fund in question belongs to the administrator of the estate of Deborah J. Dunn.

*Francis B. Peckham,* for complainant.

*Christopher E. Champlin,* for the executor of Edward Hayes.

*William P. Sheffield, Jun.,* for the administrator of Deborah J. Dunn.