# HARRIET BOOTH, SUSAN M. BROWN AND ELIZABETH R. BANNISTER

*vs.*

## CHARLES A. EBERLY ET AL.

*Executors: power of sale; right of legatees.*

A testatrix, by her will, after placing the residuum of her estate in trust for her husband and son during the life of the former, directed that from and after the husband's death, the trust estate, as a whole, should go to the son, but if the son should die without leaving issue at the time of his death, then, subject to the life interest in the income, payable to the husband, the estate was to go to the nephews and nieces of the testatrix, etc.; *held,* that, the estate in remainder vested in the possession of the son, only from and after the death of the father (the husband of the testatrix) and if the son died without issue the estate passed to the ultimate remaindermen.

p. 25

It was further held, that it was intended that the nephews and nieces, or their children, should have the estate, if after the time fixed for the distribution, the son should be dead leaving no issue. p. 25

The rule that, in case of an immediate gift, with a bequest over in case of the death of the first or preceding legatee, the event of the death is to be referred to the lifetime of the testator, is only a rule *ex necessitate rei,* in the absence of any other period to which the words denoting the event of death could be inferred. p. 26

But where there is another point of time, to which such dying may be referred, the words may be considered as extending to the event of the legatee's dying in the interval between the testator's death and the period of vesting in possession, or the time of the actual distribution, as will best promote the testator's intention to be gathered from the context of the will.

p. 26

A will devised property to an executor, with merely a naked power to sell and convey, and gave to residuary legatees the legal title and the right to the proceeds of sale; upon proceedings for the sale of the real estate and the division of the proceeds, under section 137 of Article 16 of the Code, it was *held,* that the estates of such executor and of the residuary legatees were *concurrent* within the meaning of that statute.        p. 27

*Decided June 26th, 1914.*

Appeal from the Circuit Court for Washington County. In Equity.   (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*J. A. Mason,* for the appellants.

*Elias B. Hartle* (with whom was *J. R. Ruthrauff* and *H. H. Spangler* and *Hartle & Wolfinger* on the brief), for the appellees.

URNER, J., delivered the opinion of the Court.

This is a proceeding, under Article 16, Section 137 of the Code, for the sale of real estate, and division of the proceeds among the owners, on the ground that it is not susceptible of partition without loss and injury. The property consists of a valuable farm in Washington County which was formerly owned to the extent of an undivided six-sevenths interest by Andrew R. Schnebly, and to the extent of one-seventh by Harriet Schnebly, his wife. Both have died testate, and all the persons who may be entitled, under the respective wills, to interests in the real estate are parties to the present suit. A decree having been passed for the sale of the property, it was purchased by several of the parties to the cause, and their exceptions to the ratification of the sale have raised the question we are to consider.

The will of Harriet Schnebly, who died in 1888, devised her interest in the farm, as part of the residue of her estate.

to her executor in trust to pay one-half of the income there-from to her husband for life and the other half to her son, Daniel Hoke Schnebly, and disposed of the remainder as follows:

"From and after the death of my beloved husband all of said trust estate to go to my said son, Daniel Hoke; but if my said son, Daniel, should die without leaving issue living at the time of his death, then subject to the life interest in the income payable to my husband, I give, devise and bequeath the said residuary estate to my nephews and nieces,—the children of my sisters, including those of my half-sisters, and should any of my nephews and nieces be dead, leaving children to survive them, such child or children shall take its deceased parent's share."

Andrew R. Schnebly survived his wife until 1913 when he died leaving a will by which he devised and bequeathed his property, after a life interest, which has expired, and certain specific bequests, to four designated persons in equal shares absolutely. In the interval between the deaths of the husband and wife their son Daniel died intestate, unmarried and without issue and leaving no brothers or sisters either of the whole or half blood. The bill was filed by a nephew and a grand-nephew of Harriet Schnebly, and the parties defendant include the other persons belonging to the class of contingent remaindermen described in the residuary clause of her will, and also the devisees under the will of her husband, some of whom have since become the purchasers of the property decreed to be sold. The objection urged to the sale is that the plaintiffs who filed the bill have no interest in the subject matter of the suit, and that the Court was, therefore, without jurisdiction to pass the decree. It is contended that upon a proper construction of the will of Harriet Schnebly, the event upon which the contingent remainder to her nephews and nieces or their children depends was the death of the son Daniel without issue *in the lifetime of the testatrix,* and that as he lived beyond that period, the estate

devised to him became indefeasibly vested in him and upon his death intestate, unmarried and without leaving issue, brothers or sisters, his interest in the property was inherited by his surviving father and passed under the will of the latter to his devisees.   The Court below overruled the exceptions and ratified the sale on the theory that according to the intention of the testatrix, as plainly shown by the terms of her will, the residuary estate was to vest in remainder in the nephews and nieces, or their children, in the event of the death of Daniel Schnebly at any time prior to the expiration of the preceding life estate of his father.   With this view we fully agree.

The language of the will is not obscure or ambiguous and the intention of the testatrix is capable of being readily ascertained.   After placing the residuary estate in trust for the equal benefit of her husband and son during the life of the former, she directs that "from and after" the husband's death the trust estate as a whole shall go to the son; but "if he should die without leaving issue living at the time of his death, then, subject to the life interest in the income payable" to the husband, the estate shall go to the nephews and nieces, and should any of the latter "be dead leaving children to survive them," the children shall take the "deceased parent's share."   It was the evident purpose of these dispositions that the estate in remainder should vest in possession in the son only *from and after* the death of the father, and that if the son should in the meantime die without issue, the estate should pass to the ultimate remaindermen.   In other words, it is clear that the testatrix intended the nephews and nieces, or their children, to have the trust estate if at the time fixed for its distribution, her son was dead leaving no issue.   There is no rule of interpretation which forbids that this expressed intention shall be gratified.   On the contrary there is a well recognized principle which supports and favors the construction we have adopted.   It is stated by Chief Judge Alvey in *Engel* v. *Geiger,* 65 Md. 544, as fol-

lows: "As a general rule it is certainly true that in the case of an *immediate* gift, with a bequest over in the event of the death of the first or preceding legatee, the event of death is referable to the lifetime of the testator. But it is explicitly laid down as text law that this construction is only made *ex necessitate rei*, from the absence of any other period to which the words denoting the event of death can be referred. Consequently, where there is another point of time to which such dying may be referred, as in the case when the bequest is to take effect in possession after a life estate, or at any period subsequent to the testator's death, the words may be considered as extending to the event of the legatee dying in the interval between the testator's death and the period of vesting in possession, or the time of actual distribution, as will best promote the intention of the testator, to be gathered from the context of the will. 3 *Jarm. on Wills* 611." Among the cases in which this doctrine has been stated and applied are: *Straus* v. *Rost,* 67 Md. 476; *Hammett* v. *Hammett,* 43 Md. 307; *Wilson* v. *Bull,* 97 Md. 137; *Hutchins* v. *Pearce,* 80 Md. 445; *Mercantile Trust & Deposit Co.* v. *Brown,* 71 Md. 169; *Bailey* v. *Love,* 67 Md. 592; *Small* v. *Marburg,* 77 Md. 19. In the present case the disposition in remainder is distinctly made to take effect in possession at a period subsequent to the death of the testatrix, and her real and evident wishes can be given effect only by referring to this later point of time the contingency upon which the limitation over is dependent. The case is, therefore, clearly subject to the general rule of construction we have quoted.

The appellants, in support of their contention, invoke the principle that the law favors the early vesting of estates. In *Poultney* v. *Tiffany,* 112 Md. 633, it was said, in the opinion by JUDGE PEAROE, that, "* * * notwithstanding the preference of the law for early vesting, the testator or donor has the absolute right to fix the period of vesting at his pleasure, 'and to make it depend upon a contingency, and when he

has done this with reasonable certainty, his wishes will prevail and the estate will not vest until the happening of the contingency,' " citing *Larmour* v. *Rich,* 71 Md. 369. This right of disposition is, of course, subject to the rule against remoteness. A statement similar in effect to the one just quoted is contained in the opinion by JUDGE SCHMUCKER, in *Lumpkin* v. *Lumpkin*, 108 Md. 496. In *Bailey* v. *Love,* *supra,* this Court said: "We cannot hold that the law favors the vesting of estates to the extent of defeating the testator's intention." This expression is appropriate to the case now under consideration.

A separate objection raised by the purchasers to the jurisdiction of the Court to decree the sale is that by the will of Andrew R. Schnebly his executor was empowered to sell and distribute the proceeds of the undivided six-sevenths interest of which the testator died seized, and that hence the estates of the parties are not concurrent as they are required to be in such a proceeding. Code, Article 16, section 137; *Roche* v. *Waters,* 72 Md. 269; *Gill* v. *Wells,* 59 Md. 499. It appears that the will referred to did not devise the property to the executor, but merely conferred upon him a naked power to sell and convey. The residuary devisees were the holders of the legal title (*Small* v. *Marburg,* 77 Md. 20), and entitled to the proceeds of the sale. They and the executor are parties to the suit and they represent the entire six-sevenths interest which passed under the will. The bill is filed by some of the owners of the remaining one-seventh in order to realize their interest by a sale of the estate as a whole on the ground that it is not susceptible of being divided without loss and injury to those entitled. The right given them by statute to pursue this course is not affected by the mere fact that the devisor of the other six-sevenths interest has made the disposition in question. The interests of the parties to the bill are concurrent within the meaning of the act and for the purposes of such a proceeding as the present.

*Order affirmed, with costs.*