**STEPHEN et v FOX**

Ohio Appeals, 7th Dist, Monroe Co

Matz & Matz, Woodsfield, for plaintiffs-appellees.

T. J. Kremer, Woodsfield, and Chas. W. Lynch, Woodsfield, for Rubel Fox, defendant-appellant.

## OPINION

By CARTER, J.

This cause is before this court on appeal on questions of law and fact, the appeal being prosecuted by Rubel Fox only. The action below was one to construe the last will and testament of James R. Stephen. The items of the will to which the court's attention on this appeal is directed are Items 2, 3, 4, 5, 6, 7, 8, 9, 10. The parties will be designated as they were in the lower court. Plaintiffs allege that on the 30th day of September, 1925, James R. Stephen father of plaintiff died leaving an estate and leaving plaintiffs and one Lula Stephen Fox as his only children and heirs at law and Mary Louisa Stephen his widow, who died in 1936; that Lula Stephen Fox daughter of James R. Stephen and prior to the death of James R. Stephen, intermarried with Rubel Fox, and that Lula Stephen Fox died on the 23rd day of August, 1935, leaving surviving her defendant, Rubel Fox, but left surviving her no children or descendants thereof; that James R. Stephen died testate, his will having been executed on the 6th day of December, 1921, which was duly admitted to probate in the Probate Court of Monroe County, Ohio, and was duly probated and letters testamentary were issued to the plaintiffs who qualified as such; that by the terms of this will Mary Louisa Stephen, Egger L. Stephen, W. A. Stephen and Lula Stephen Fox, were named as the several legatees and devisees of James R. Stephen and further state that they are in doubt as to the true construction of items of the will hereinbefore indicated.

It is further alleged in the petition that at the time of the death of James R. Stephen, Lula Stephen Fox was living and continued to live until the month of August, 1935, when she died without leaving children or descendants thereof surviving her.

To this petition an answer was filed by defendant Rubel Fox in which he admits that James R. Stephen died leaving an estate and leaving Egger L. Stephen, W. A. Stephen and Lula Stephen Fox, his children and Mary Louisa Stephen, his widow, who died on ... day of November, 1936; admits that Lula Stephen Fox intermarried with this defendant prior to the death of said James R. Stephen and that Lula Stephen Fox died on August 23, 1935 leaving Rubel Fox to survive her; admits that the will was admitted to probate; admits that Lula Stephen Fox was living at the time of the death of James R. Stephen and at the time of probating the will and that she died in the month of August, 1935, without leaving children or descendants surviving her; that he is the husband of Lula Stephen Fox and as such claims an interest in the real estate and all the property belonging to the estate of James R. Stephen, deceased; admits that there are no creditors and that Egger L. Stephen W. A. Stephen and Lula Stephen Fox were the only children and heirs of James R. Stephen, deceased, and the legatees mentioned in said will. The defendant further admits that the will is substantially as set forth by plaintiff but denies that the property should descend to the three children of James R. Stephen at the death of the wife of James R. Stephen as alleged in the fifth paragraph of the petition; that from the death of James R. Stephen up until the death of Lula Stephen Fox the property was divided equally between Lula Stephen Fox, Egger L. Stephen and W. A. Stephen, and for further answer to the petition concurs in the prayer of same and asks for a construction of the will. The question presented for consideration and determination by this court is whether under the provisions of the will of James R. Stephen the property descends to Egger L. Stephen and W. A. Stephen, or whether the property devised and bequeathed to Lula Stephen Fox, descends to her surviving husband, Lula Stephen Fox having died without issue subsequent to the death of the testator and prior to the death of the life tenant. The lower court found that under items 2, 3, and 4 Mary Louisa Stephen, widow of the testator, had a life estate in the real estate described in items 2, 3, and 4; that after her death the real estate was devised to Egger L. Stephen, W. A. Stephen, and Lula Stephen Fox, share and share alike in fee simple, but that under Item 5 of the will the interest of Lula Fox in the real estate terminated at her

death and her interest therein passed to Egger L. Stephen and W. A. Stephen, share and share alike in fee simple by way of executory devise; that under Item 6 of the will all bonds, notes, war savings, statements and book accounts were bequeathed to Mary Louisa Stephen, the widow of testator who was entitled to use so much of said money and credits as might be necessary for her comfortable maintenance and that out of any residue of said money and credits remaining after her death her just debts and funeral expenses were to be paid and the residue after the payment of funeral expenses and just debts of the testator and those of Mary Louisa Stephen, his widow, were to be divided among his three children, Egger L. Stephen, W. A. Stephen and Lula Fox, share and share alike in the event Lula Fox left living issue to survive her; that Lula Fox died without leaving issue and that her share of moneys and credits remaining after the payment of both the just debts and funeral expenses of both the testator and the widow under Item 6 passed to Egger L. Stephen and W. A. Stephen, share and share alike by way of executory devise; that the residue of the items of personal property given to Mary Louisa Stephen in Item 7 of the will upon the death of Mary Louisa Stephen, are by Item 8 bequested to the testator's three children, Egger L. Stephen, W. A. Stephen and Lula Fox share and share alike and that upon the death of Mary Louisa Stephen, Lula Fox or her personal representative is entitled to the one-third thereof; that under Item 9 of the will the household goods and kitchen furniture then remaining were to be divided among the three children or if sold the proceeds were to be divided among the three children share and share alike, and upon the death of Mary Louisa Stephen, Lula Fox or her personal representative is entitled to the one-third thereof; that under Item 10 of the will all other real estate and personal property whatever situation was devised and bequeathed to the testator's three children share and share alike in fee simple, but that if Lula Fox should die without issue living then the share of testator's estate bequeathed to her in Item 10 should go to Egger L. Stephen and W. A. Stephen, share and share alike in fee simple and that since Lula Fox died without issue living that the property mentioned in Item 10 passes by way of executory devise to Egger L. Stephen and W. A. Stephen share and share alike. There is no dispute but that James R. Stephen died in the year 1925;

that he left surviving him a widow and three children to-wit: Egger L. Stephen, W. A. Stephen and Lula Fox; that Lula Fox died in 1935 leaving no issue either living or deceased; that the widow died in 1936. To whom does this property descend under the will of James R. Stephen? The cardinal rule to be fol- lowed in a construction of a will is to ascertain the intention of the testator. This if possible must be determined by considering the will in its entirety. It is also a settled principle of law that the court will construe all devises and bequests as vesting in the devisees or legatees at the death of the testator unless the intention of the testator to postpone the vesting tator to postpone the vesting to some future time is clearly indicated in the will and this rule applies to personalty as well as realty.

Now as to Item 2, testator gives, devises and bequeaths to his widow his interest in the 80 acres on which she then lived during her natural lifetime, then to Egger L. Stephen, W. A. Stephen and Lula Fox, share and share alike in fee simple. In Item 3, testator gives, devises and bequeaths to his widow the four acres of land located in Monroe County, and adjoining the 80 acres described in the second item during her natural life time, then to his three children share and share alike in fee simple. In Item 4 he gives, devises and bequeaths to his widow during her natural life any land purchased or acquired by him after the executing of the will and then to his three children share and share alike in fee simple. This clearly gives to the widow a life estate in the property mentioned in these items and that after the termination of the life estate the same was to go to his three children in fee simple. He then provided in Item 5 that in case his daughter Lula Fox die without issue living then the share of his estate bequeathed to her in Items 2, 3 and 4, was to go to his two sons, Egger L. Stephen and W. A. Stephen, share and share alike in fee simple. The death of the daughter referred to in Item 5 is referrable to what period? Prior to the death of the testator? Prior to the death of the life tenant? Or death of Lula Fox at any time? One of the latest cases discussing this principle is found in the case of **Ohio National Bank of Columbus, Guardian v Harris et, 126 Oh St 360.** In that case the testator devised his residuary estate to his five children; such devise being fol-

lowed by clauses providing for two contingencies:

1. That in case any of his children "shall die leaving issue", the share of the deceased should go to the issue; and the other that in case any of his children shall die leaving no issue the share of the deceased should be divided among his remaining children, held: 1. The clauses in such item of the will relating to a devisee dying leaving issue or dying leaving no issue are to be construed as referable to the death of the first taker devisee.

2. Since in his will the testator did not use language limiting the first taker's death within a period prior to his own but used general terms in alluding to the first taker's death, the natural import of the words so used connotes death of the first taker at any time and the court states in the third paragraph of the syllabi that the testator's intention clearly indicates where his residuary estate was to pass upon the happening of either event. This would be conclusive of the case at bar had there been no intermediate or intervening life estate such as we have in the case under consideration. No such condition was present in the Ohio National Bank of Columbus, Guardian v Harris, supra.

**41 O. J. 747, paragraph 629,** the author discusses "Effect of intervention of life estate":

"As indicated in the preceding section where property is devised to an individual with a limitation over upon the death of the first devisee without issue, the first devisee takes an estate in fee determinable upon the contingency of his death without issue and the limitation overtakes effect as an executory devise. This rule does not apply to cases where there is an intervention of a life estate as for example where a will gives a life estate to testator's widow, remainder to his children, subject to the contingency that if any of them shall die without leaving issue of his or her body, said property shall revert to his or her living brothers and sisters equally or where property is bequeathed to the widow for life with a provision that after her death it be divided among the testator's children and that if any of the children die without issue or heirs their shares shall revert to the surviving heirs of the testator to be divided equally among them or where real estate is devised to A for life and afterwards to B in fee simple but in case of the death of B without issue to the next of kin of the testatrix. In such cases the interven-

tion of the life estate fixes the time of survivorship as of the time of distribution after the termination of the life estate."

The case of **Cavanaugh v Rexer et, 31 O. Decisions 493** is identical with the case at bar wherein a testatrix by her will devised real estate to A for life and afterwards to B in fee simple but in case of the death of B without issue to the next of kin of the testatrix, the court held:

"The words 'in case of death without issue' refer to the death of B without issue during the lifetime of A and if B survives A her title becomes absolute in fee simple unless a contrary intent is evidenced by the language of the will."

This case was affirmed by the Court of Appeals of that district. Judge Geiger in that case cites and relies upon the case of **Miller v Miller, 21 Decisions,** which was by the Supreme Court affirmed, no opinion **88 Oh St 563** and also the case of **Pendleton v Bowler, 11 Ohio Decisions Reprint, 551** which case was by the Supreme Court affirmed without opinion **54 Oh St 654.** The Miller and Pendleton cases, supra, were by the courts given exhaustive consideration and many cases cited in support of the conclusion reached by those courts. We think the reasoning therein is sound. In the case of **Sinton v Boys, 9 Oh St 30** the court holds:

"1. In the construction of wills words of survivorship should be referred to the period appointed by the will for the payment or distribution of the subject matter of the gift unless a contrary intention is evinced by the language of the will.

"2. Where a testator gave all of his estate to his wife for life and directed that all remaining after her death should be divided by his executors equally amongst his children or the survivors of them and after his decease one of the children died before the death of the testator's widow leaving a child held that no interest vested in the deceased child under the will and that the grandchild of the testator was not entitled to share in the estate as one of the children or survivors to whom it was to be distributed."

The court further say in the course of its opinion:

"Where there is a clause of survivorship prima facie survivorship means the time at which the property to be divided comes into enjoyment, that is to say, if there is no previous life estate at the death of the testator. If there be a previous life estate then at the termination of that life estate or as the rule is more briefly stated by Lord Chancellor that words of 'survivorship should be referred to the period for the payment or distribution of the subject matter of the gift'."

The court further say:
"This is declared by him to be the rule that is now finally established in England. This undoubtedly is the general rule recognized in this country subject of course to such modification as the paramount rule giving effect to the intention of the testator may require."

We think this general rule is the law applicable to this case and that it is in harmony with the obvious purpose and intent of the testator as gathered from the will. We think that it was the intent of the testator that at the death of the life tenant being the widow that the fee simple title was at that time to vest in the three children and that if the daughter died prior to that time without living issue that in that event property then passed to the two sons, Egger L. Stephen and W. A. Stephen in fee simple as the testator provides in his will that he devises and bequeaths to his widow during █ her natural lifetime this property and then in fee simple to the children indicating that he desired this property to go to the three children in fee simple at the death of the life tenant regardless of whether the daughter Lula Fox, died subsequent thereto either with or without children. This is in consonance also with the principle of law that the law favors the early vesting of estates. Inasmuch as Lula Fox died prior to the death of the life tenant the property referred to in Items 2, 3 and 4 passed on the death of the widow to the two surviving sons of the testator, Egger L. Stephen and W. A. Stephen in fee simple.

Now as to Item 6 which provides that:
"I give, devise and bequeath to my wife Mary Louisa Stephen after the payment of my just debts and funeral expenses by my executors, all bonds, notes, war savings, stamps and book accounts, she to use so much of said money and credits as may be necessary for her comfortable maintenance. At her death her funeral expenses and just debts to be paid by my executors out of the moneys and credits named in Item 6,

hereof and the residue after deducting my just debts and funeral expenses and my wife's just debts and funeral expenses to be divided among my three children—, Egger L. Stephens, W. A. Stephens and Lula Fox share and share alike."

It is clear that the testator contemplated a distribution of the property referred to in Item 6 at the termination of the life estate. The rule announced ▇▇▇▇▇▇▇ above referable to Items 2, 3 and 4 and 5 are equally applicable to Item 6 and inasmuch as Lula Fox died prior to the termination of the life estate without living issue such property remaining as provided for in Article 6 passes to the two surviving sons share and share alike.

As to Item 7 which provides:

"I give, devise and bequeath to my wife Mary Louisa Stephen all grain, both in the bin and growing, her choice of two horses, her choice of three cows, her choice of heavy harness for one team, her choice of buggies with single harness and double harness for buggies. Her choice of one automobile of those I may own at my death, meat for one year's provisions or such hogs as she may choose for one year's provisions."

Item 8 provides:
"All items of personal property mentioned in Item 7 herein not consumed by my wife at the time of her death to go to my three children Egger L. Stephen, W. A. Stephen and Lula Fox, my daughter, share and share alike."

It is clear that the testator intended the items referred to in Item 7 not consumed by the wife to be the property of the three children to vest at the death ▇▇▇▇▇▇▇ of the widow and inasmuch as Lula Fox pre-deceased the life tenant, her personal representative would not be entitled to one-third interest therein, but such property passed on the death of the widow to the two surviving sons share and share alike.

As to Item 9 which provides:

"I give, devise and bequeath all of my household and kitchen furniture to my wife Mary Louisa Stephens during her natural life then at her death said household goods and kitchen furniture then remaining to be divided by my three children among themselves. In case a division can not be agreed upon then said household and kitchen furniture to be sold by my executors and the money arising therefrom to be equally divided among my three children Egger L. Stephen, W. A. Stephen and Lula Fox, my daughter, share and share alike."

The intention of the testator is clear that upon the death of the widow the property mentioned in Item 9 remaining was to vest in the three children share and share alike, however inasmuch as Lula Fox died prior to the decease of the life tenant her personal representative was not entitled to one-third of what remains of the property mentioned in Item 9, but passes to the surviving sons share and share alike.

As to Item 10 which provides:

"I give, devise and bequeath all other real estate and personal property wherever situated to my three children, Egger L. Stephen, W. A. Stephen and Lula Fox, my daughter, share and share alike in fee simple and it is my will that my two sons Egger L. Stephen and W. A. Stephen may have the privilege of taking said real estate and personal property or such part thereof as they choose to take at the appraised value thereof, pay to my daughter Lula Fox one-third interest therein. In case my daughter Lula Fox should die without issue living then the share of my estate bequeathed to her in this item being Item 10 herein to go to Egger L. Stephen and W. A. Stephen share and share alike in fee simple."

It will be observed that in this residuary disposition no mention is made of the life estate on behalf of the widow but is a devise and bequest to the three children share and share alike in fee simple with the further provision that in case the daughter Lula Fox died without issue living then the share bequeathed to her in Item 10 was to go to Egger L. Stephen and W. A. Stephen share and share alike in fee simple. This comes squarely ▇▇▇▇▇▇▇ within the holding of the case of Ohio National Bank of Columbus, Guardian v Harris et, 126 Oh St 360 and by reason thereof the title vests absolute and in fee simple in the two surviving sons Egger L. Stephen and W. A. Stephen share and share alike.

A decree may be drawn accordingly.

NICHOLS, PJ, and BENNETT, J, concur in the findings.