**ORENDORF et al., v. FAYETTE FARMS, Inc., et al.**

**No. 7925.**

Circuit Court of Appeals, Sixth Circuit.
Dec. 13, 1939.

Rehearing Denied Feb. 13, 1940.

Writ of Certiorari Denied May 6, 1940.

See 60 S.Ct. 976, 84 L.Ed. ——.

Laurence B. Finn, of Bowling Green, Ky., (Laurence B. Finn, of Bowling Green, Ky., and I. G. Mason, of Adairville, Ky., on the brief), for appellants.

E. L. Bush, of Washington C. H., Ohio, for appellees.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

Appellants brought suit to recover certain land in Fayette County, Ohio, formerly owned by Rufus C. Hunt. Since the claims of both appellants and appellees are based upon a devise in Hunt's will, construction of that devise resolves the dispute.

After devising his property to trustees to pay the income thereof to his wife for life, Hunt provided as follows: "Item Fourth: At the death of my said wife, I give and devise all of my said property to the children of my deceased sister, Martha G. Townsend and deceased brother, Ed H. Hunt, their heirs and assigns forever, to take by right of representation, and in the event of the death of the son of Ed H. Hunt, without leaving either children or grandchildren living, then all of said property herein devised to go to the children of said deceased sister and their heirs and assigns forever."

The testator's widow died in 1928. The estate was then divided between George Edward Hunt, the son of Ed H. Hunt, and his cousins, as specified in the will. George Edward Hunt conveyed to appellees in 1930 and died without issue in 1935. Appellants, heirs of Martha G. Townsend, contend that the land in question became theirs upon George Edward Hunt's death. The District Court's dismissal of their bill is the error assigned.

The intention of a testator as to the disposition of his property is controlling, unless contrary to public policy. In the case at bar, however, the testator's intention is not entirely free from doubt. In consequence, we are obliged, if consistent with his language, to infer that he intended that disposition that seems the more natural under the circumstances.

It will be noted that it was at the death of his wife that the testator stated that he gave and devised all his property to his nieces and nephews, "their heirs and assigns forever." Appellees contend that the testator intended the share of George Edward Hunt to go to his cousins only in the event that his death, without living children or grandchildren, occurred prior to the death of the testator's widow. Appellants, on the other hand, claim that his share was to vest in them if he died at any time without living children or

grandchildren. According to their contention, they would be entitled to the property at George Edward Hunt's death if he had lived to be ninety and had had both children and grandchildren, if he survived them. Their contention leads to the conclusion that, though the testator gave his property, at the death of his wife, to his nieces and nephews, "their heirs and assigns forever," George Edward Hunt, for whom the testator appears to have had as much concern as for his sister's children, could never enjoy the full economic advantage of the fee simple estate apparently intended for him, because it could not be certainly known whether he had such an estate until his death; only then could it be certainly known whether he died leaving children or grandchildren. It would require clearer expression than is found in Item Fourth to convince us that the testator intended so unnaturally to limit his devise. Moreover, the favor which the vesting of estates enjoys under the law of Ohio,—and generally—disinclines us to adopt a construction that might so long postpone the vesting of an estate. See Stephen v. Fox, 28 Ohio Law Abst. 123.

Appellants rely chiefly upon Gaston v. Moore, 38 Ohio App. 403, 176 N.E. 483. In that case, the testatrix devised the residue of her estate to her grandson, "provided however that in the event of the decease of my said grandson, Hugh M. Moore, and that he leave no child or children to survive him, then and in that event my real estate is to pass to the absolute ownership of four (4) of my sisters named as follows: * * *" The Court held that the person whose death without children was intended to vest the gift over was the first taker under the will. In that case, there was no intervening life interest, as in the case at bar, a fact generally conceded great importance in ascertaining the testator's intention. Some courts have construed provisions for gifts over if the first taker die without children to mean death without children during the life of the testator. Moore v. Cook, 153 Ga. 840, 113 S.E. 526; Tarbell v. Smith, 125 Iowa 388, 101 N.W. 118; Taylor v. Stephens, 165 Ind. 200, 74 N.E. 980; Davis v. Davis, 107 Neb. 70, 185 N.W. 442; Stokes v. Weston, 142 N.Y. 433, 37 N.E. 515; In re Vance's Estate, 209 Pa. 561, 58 A. 1063. See 2 Simes on Future Interests, § 330. It has been pointed out, however, that such construction may not accord with the testator's intent, since changes made desirable by events that occur before his death can be provided for in a new will. 2 Simes on Future Interests, supra, § 330. If no life estate intervenes, the only other view possible is that childlessness when the beneficiary dies is intended to vest the gift over. But this reasoning is inapplicable if a life interest intervenes between the testator's death and the time when the fee becomes possessory. In such cases, it is generally held that the time of death contemplated in such a limitation is the death of the life tenant or first taker. Booth v. Eberly, 124 Md. 22, 91 A. 767; In re Waterbury Trust Co., 128 Misc. 582, 219 N.Y.S. 614; Matter of Farmers' Loan & Trust Co., 189 N.Y. 202, 82 N.E. 181; Hohnbach v. Hohnbach, 151 Wis. 487, 139 N.W. 731; Starnes v. Sanders, 151 Ga. 632, 108 S.E. 37; Harrington v. Cooper, 126 Ark. 53, 189 S.W. 667; 2 Simes on Future Interests, supra, § 330.

This was the view of the District Court. It accords with the law of Ohio. Wood v. Wood, 22 Ohio N.P.,N.S., 302; Pendleton v. Bowler, 11 Ohio Dec.Reprint 551, affirmed 54 Ohio St. 654, 46 N.E. 1155; Cavanaugh v. Rexer, 31 Ohio Dec. 493; Stephen v. Fox, supra; Lauterbach v. Johnston, 29 Ohio N.P.,N.S., 582; 16 O. Jur., Estates, Sec. 18; 41 O.Jur., Wills, Sec. 629.

The decree of the District Court is affirmed.