QUIROLLO et al. v. FIFTH THIRD UNION
TRUST CO., CINCINNATI, OHIO.

No. 187.

District Court, S. D. Ohio, W. D.

Nov. 8, 1941.

892

John C. Hermann, and Herbert E. Ritchie, both of Cincinnati, Ohio, for plaintiff.

Frank W. Cottle, and Hubert T. Campbell, both of Cincinnati, Ohio, for defendant Fifth Third Union Trust Co.

Joseph S. Graydon, Joseph H. Head, and Leslie A. Meek, all of Cincinnati, Ohio, for defendant Bayard L. Kilgour, ancillary adm'r.

DRUFFEL, District Judge.

Plaintiffs bring their action for a reversionary interest in an estate and an ac-counting, claiming under the statutes of North Carolina. Defendant by way of counterclaim for interpleader caused Bayard L. Kilgour, Jr., ancillary administrator of the estate of James C. Ernst, to be made a party. The ancillary administrator, an appointee of the Hamilton County, Ohio, Probate Court, by answer challenges the jurisdiction of the District Court to try the issues, and plaintiffs move for judgment on the pleadings.

From the pleadings and stipulation of facts, which the court adopts, it appears that James C. Ernst died a resident of Ashville, Buncombe County, North Carolina, September 20, 1917, leaving a last will and testament which was admitted to probate and record in the Superior Court of that county. After certain bequests to his widow Jennie Stites Ernst, his daughter Virginia Kilgour, and his grandson, Bayard L. Kilgour, Jr., and other relatives, paragraph III of the will provided: "I give, bequeath and devise to my Executors hereinafter named, all the rest and residue of my estate, of every kind and description, real, personal and mixed, wherever located, and any lapsed legacies, and I hereby direct my said Executors to convey, assign, transfer and deliver, by proper instruments to The Union Savings Bank & Trust Company of Cincinnati, Ohio as Trustee, in trust for the uses and purposes as set forth in a certain written instrument executed by me with the said The Union Savings Bank and Trust Company, bearing date the 23rd day of June, A. D. 1917, all said rest and residue of my estate, aforesaid."

The estate was duly administered in the Superior Court of Buncombe County and pursuant to paragraph III the residuary estate, consisting of money, stocks, and bonds, was completely distributed by December 30, 1919, to the Union Savings Bank and Trust Company of Cincinnati, Ohio, as trustee.

The trust agreement referred to in paragraph III provided, among other things, that Jennie Stites Ernst and Virginia Kilgour would share the income for life; that upon the death of one the other would receive all the income and upon the death of the survivor, the residuary estate should be promptly distributed.

Virginia Kilgour died six months after her father, and from that time until the date of her death May 2, 1938, Jennie Stites Ernst, except for three other bequests, received all the income, the total for the period being $445,230.05.

The death of Jennie Stites Ernst provided the last event required for the distribution of the residuary estate, but the trustee was unable to make prompt distribution as directed by the trust agreement because of the deaths of certain legatees prior to the death of Jennie Stites Ernst, and the trust agreement being silent as to who was entitled to these lapsed legacies, the trustee Fifth Third Union Trust Company, successor to Union Savings Bank and Trust Company, filed an action in the Court of Common Pleas of Hamilton County, Ohio, for a construction of the trust agreement, in which action the Common Pleas Court adjudged and decreed that because of the deaths of these legatees prior to Jennie Stites Ernst and the failure of the trust agreement to make provision for a distribution of said lapsed legacies, the ancillary administrator was entitled to three-sevenths of the residuary estate on distribution.

Prior to the filing of this action, Bayard L. Kilgour, Jr., ancillary administrator, appointed by the Hamilton County, Ohio, Probate Court, July 21, 1938, made demand of defendant trustee for the distribution and delivery to him as administrator, of the entire portion of the estate to which the final decree of the Court of Common Pleas held he was entitled.

The plaintiffs knew of the pendency of the action to construe the trust agreement; they were not made parties and took no part therein. No appeal was taken from said decree and the same became final on April 20, 1940.

May 15, 1940, plaintiffs made demand upon trustee for an accounting and distribution of the assets to them and upon the trustee's refusal to comply filed their complaint, alleging, among other things, that by reason of the diversity of citizenship of the parties this court has jurisdiction of the subject matter; that under the statutes of descent and distribution of North Carolina, the reversionary interest in the estate not fully disposed of by his will and trust agreement passed one-third to his widow Jennie Stites Ernst; that as executors of her estate they are entitled to one-third of the three-sevenths of the residuary estate not disposed of under the trust agreement. Thereafter the defendant bank, as trustee, made a distribution to Bayard L. Kilgour, Jr., as ancillary administrator of two-thirds of the securities comprising the residuary estate, and is withholding one-third pending judicial determination of the claims of plaintiffs and the ancillary administrator.

Plaintiffs move for judgment on the pleadings to direct the Fifth Third Union Trust Company, defendant, "to turn over and deliver to them the claimed assets and securities, together with any accumulated income," specifically claiming that James C. Ernst died intestate as to three-sevenths of the residuary estate and that said intestate property can be properly distributed only in accordance with the directions of the statutes of distribution effective at the domicile of the intestate at the time of his death, and argue that the assets in dispute are in possession of the bank as trustee; that they never were in the actual or constructive possession or control of the Ohio courts or the ancillary administrator.

In view of the principle reaffirmed in United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L. Ed. 331, infra, it becomes necessary to consider this phase of the case first, that is, whether the Ohio courts first properly assumed and exercised jurisdiction over the assets in dispute.

According to the stipulation of facts the defendant trustee administered the estate at Cincinnati, Ohio, for almost twenty years until the death of Jennie Stites Ernst, which was the event obligating the trustee to make prompt distribution of the remaining assets.

At this point it should be emphasized that the assets in dispute result from lapsed legacies and that the testator in paragraph III of his will gave to the Union Savings Bank and Trust Company of Cincinnati, Ohio, as trustee, all the rest and residue of his property and any lapsed legacies.

"The intention of a testator as to the disposition of his property is controlling, unless contrary to public policy." Orendorf et al. v. Fayette Farms, Inc., et al., 6 cir., 112 F.2d 149, certiorari denied 310 U.S. 628, 60 S.Ct. 976, 84 L.Ed. 1399; Smith v. Bell, 6 Pet. 68, 31 U.S. 68, 8 L.Ed. 322.

Accordingly when a testator, a citizen of North Carolina, by will directs that after due administration of his estate in that state, all the rest and residue of his property and any lapsed legacies be distributed to a Cincinnati, Ohio, bank as trustee to administer under a trust agreement, the law will presume that the testator in-

tended that if and when court aid or intervention became necessary the trustee would invoke the aid of the Hamilton County, Ohio, Common Pleas Court, and follow the directions of that court in relation to the administration of the trust agreement. There is ample authority for this view:

"A testamentary trust of movables is administered by the trustee according to the law of the state of the testator's domicile at the time of his death unless the will shows an intention that the trust should be administered in another state.

Comment:

c. Foreign trust company appointed trustee. If the testator appoints as trustee a trust company of another state, presumptively his intention is that the trust should be administered in the latter state." Restatement of the Law—Conflict of Law—§ 298.

■ "The power to regulate the * * * administration and distribution of tangible personal property rests exclusively in the state in which the property has an actual situs, regardless of the domicile of the owner." City Bank Farmers' Trust Co., Executor, v. Schnader, Attorney General, et al., 293 U.S. 112, 55 S.Ct. 29, 30, 79 L. Ed. 228; Sanders et al. v. Hall et al., 10 Cir., 74 F.2d 399; Hughes v. Commissioner of Internal Revenue, 9 Cir., 104 F.2d 144.

■ In view of the foregoing, this court concludes as a matter of law that the Hamilton County Common Pleas Court properly had constructive control of the assets in dispute.

■ Having necessarily subjected the assets in dispute to the jurisdiction of the Common Pleas Court the trustee became bound by its final decree and when in this action plaintiffs demand delivery of the same assets which the state court ordered distributed to the ancillary administrator the trustee had no other course to pursue but to move to make a party to this action the ancillary administrator, who has challenged the right of this court to proceed.

It is unnecessary to discuss all the authorities cited by counsel on the subject of jurisdiction in view of the well defined and clear cut jurisdictional limit of district courts as established by the Supreme Court. Conceding the right to maintain actions in certain cases, upon final analysis it appears the nature of the relief sought is the determining factor.

■ "Federal courts have no original jurisdiction in respect to the administration of decedents' estates, and they cannot by entertaining jurisdiction of a suit against the administrator, which they have the power to do in certain cases, draw to themselves the full possession of the res, or invest themselves with the authority of determining all claims against it." Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Sutton et al. v. English et al., 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Kelleam et al. v. Maryland Casualty Co. et al., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899.

■ "The jurisdiction of federal courts to entertain suits against the latter [administrators] is clear, when instituted in order to determine the validity of claims against the estate or claimants' interest therein. Such proceedings are not in rem; they seek only to establish rights; judgments therein do not deal with the property and order distribution; they adjudicate questions which precede distribution." Commonwealth Trust Co. of Pittsburgh et al. v. Bradford, Receiver, 297 U.S. 613, 619, 56 S.Ct. 600, 602, 80 L.Ed. 920; Princess Lida of Thurn and Taxis et al. v. Thompson et al., Trustees, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285.

■ "The principle, applicable to both federal and state courts, that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted. It applies as well where suits are brought to * * * administer trusts, * * * and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property." United States v. Bank of New York & Trust Company, 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331.

■ Here plaintiffs seek an accounting and delivery to them of the same assets which the state court has already decreed should be distributed to the ancillary administrator. This is asking the District Court to draw to it and deliver to plaintiffs the assets from the constructive control of the Common Pleas Court. This, the Supreme Court, by clear, precise and direct

language, has held to be beyond the power of the District Court. Under the circumstances this court has no alternative but to overrule plaintiffs' motion for judgment and to dismiss this action for lack of jurisdiction, and it is so ordered.